■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEO WILCOX, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered April 10, 1975, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the first degree, prohibited use of weapons as a felony, and unauthorized use of a vehicle. Shortly after midnight on August 22, 1974, Francis and Margaret O'Donnell were awakened in their home in Cortland, New York, by intruders who, after tying and gagging the couple, departed in Mrs. O'Donnell's automobile with numerous items of property taken from the home. As a result of this incident, defendant was arrested that same morning by State Police and subsequently indicted by a Cortland County Grand Jury. Following a jury trial, he was found to be guilty of the crimes noted above. On this appeal, defendant argues that his conviction is against the weight of the evidence, but this contention clearly is without any merit. Apprehended with three companions in Mrs. O'Donnell's car within minutes after the report of the robbery, defendant was wearing his hair in a distinctive style which the O'Donnells had noticed on one of the intruders, and he proceeded to give the police a false name. Among the items recovered from the vehicle were a starter's pistol and numerous articles taken from the victim's home and later identified by them, including a cash box containing $1,400 in cash and insurance policies, a shotgun, a Kodak camera, some clothing and Mrs. O'Donnell's driver's license. On a record such as this, the judgment of conviction is obviously supported by the evidence, and errors, if there be any, as alleged by defendant relating to the admission of certain testimony

and the District Attorney's summation, are rendered harmless by the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230). With regard to defendant's remaining contention that he should not have been convicted of robbery in the first degree, however, we reach a contrary result. Pursuant to subdivision 4 of section 160.15 of the Penal Law, it is an affirmative defense to a conviction of robbery in the first degree that the pistol displayed in the perpetration of the alleged robbery "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged". In this instance, the People's theory of the case is that such a weapon, the starter's pistol discovered in Mrs. O'Donnell's car, was used in the robbery here, and there is no evidence to support a finding that any other firearm was utilized. Accordingly, it was error for the trial court to submit to the jury the crime of robbery in the first degree, and pursuant to our authority under CPL 470.15 (subd 2, par [a]) and CPL 470.20 (subd 4), we hereby reduce defendant's conviction of robbery in the first degree to robbery in the second degree (Penal Law, § 160.10) and remit the matter to the trial court for resentencing *(People v Iglesias,* 40 AD2d 778). We note that the conviction of Dale Sinclair who, as a result of the August 22 incident, was jointly indicted with defendant and two others for the crime, among others, of robbery in the first degree, has already been affirmed by this court *(People v Sinclair,* 48 AD2d 981). The pertinent issue involved here, however, was not raised in that case which came to us on a different record after Sinclair's separate trial. Judgment modified, on the law and the facts, by reducing the conviction of robbery in the first degree to robbery in the second degree and by remitting the matter for resentencing, and, as so modified, affirmed. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.