## (October 22, 1976)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEO WILCOX, Appellant.—Motion for reargument granted. In our prior decision (People v Wilcox, 53 AD2d 738) we held that it was error for the trial court to submit to the jury the crime of robbery first degree since the weapon alleged to have been used in the crime "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law, § 160.15, subd 4). We therefore reduced defendant's conviction of robbery first degree to robbery second degree and remitted the matter for resentencing. Defendant now contends that his conviction of burglary first degree should likewise be reduced to burglary second degree. We agree. Since the affirmative defense to burglary first degree is identical to that for robbery first degree (see Penal Law, § 140.30, subd 4; 160.15, subd 4) the trial court's submission of the crime of burglary first degree was also error. Judgment modified, on the law and the facts, by reducing the convictions for robbery first degree and burglary first degree to robbery second degree and burglary second degree and by remitting the matter for resentencing and, as so modified, affirmed. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.