■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEO WILCOX, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered March 28, 1977, which resentenced defendant, as a second felony offender, to concurrent indeterminate terms of imprisonment of not less than 5 nor more than 10 years upon his convictions of the crimes of burglary in the second degree and robbery in the second degree. Defendant was originally convicted of the crimes of burglary in the first degree (Penal Law, § 140.30, subd 4) and robbery in the first degree (Penal Law, § 160.15, subd 4) and sentenced to concurrent indeterminate terms of imprisonment of not less than 5 nor more than 10 years. Upon his appeal to this court, his convictions were respectively reduced to burglary in the second degree (Penal Law, § 140.25, subd 1, par [d]) and robbery in the second degree (Penal Law, § 160.10, subd 2, par [b]), and the matter was remitted to the Cortland County Court for resentencing (see *People v Wilcox,* 53 AD2d 738, mod on rearg 54 AD2d 801). Subsequently, although he then stood convicted of crimes of a lesser degree, he was resentenced to concurrent indeterminate terms of 7½ to 15 years, and his attorney moved to set aside these sentences. This motion being granted, he was finally sentenced by the trial court to concurrent indeterminate terms of 5 to 10 years, and the present appeal ensued. The sole question presented for our review is whether or not the sentences ultimately imposed upon defendant were excessive, and we conclude that they were. While the record does not conclusively establish vindictiveness against the defendant for having successfully appealed his original convictions as a factor motivating the County Court in the imposition of the challenged sentences (see *North Carolina v Pearce,* 395 US 711), we deem it significant that, upon our reduction of defendant's convictions and remission of the matter to the County Court for resentencing, defendant was initially resentenced to longer terms than had originally been imposed on the more serious charges. In view of this factor and the reduced convictions as well as·the letter from defendant's correction counselor at the Auburn Correctional Facility indicating that defendant has been a model inmate and appears to be making substantial progress toward rehabilitation, we conclude that the County Court abused its discretion in the imposition of sentence. Accordingly, we hereby modify defendant's sentences to concurrent indeterminate terms of not less than four nor more than eight years (cf. *People v Schilling,* 52 AD2d 681; *People v Dittmar,* 41 AD2d 788). Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon defendant to concurrent indeterminate terms of not less than four nor more than eight years, and, as so modified, affirmed. Kane, J. P., Main, Larkin and Mikoll, JJ., concur; Herlihy, J., dissents and votes to affirm.