■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER KRANENBURG, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT NIXON, Appellant. — Judgments of the Supreme Court, Bronx County (Grey, J.), rendered January 15, 1980, after a jury trial, convicting both defendants of two counts of robbery in the first degree and sentencing the defendant, Kranenburg, as a second felony offender to concurrent indeterminate terms of 8 to 16 years and the defendant, Nixon, to concurrent indeterminate terms of 4 to 12 years, unanimously modified, on the law, by reducing the convictions from robbery in the first degree to robbery in the second degree, vacating the sentences imposed and remitting for resentencing as to said second degree count for both defendants and otherwise affirmed. The defendants were convicted of robbery in the first degree on the first count under Indictment No. 1099/79, stemming from a robbery of a tuxedo rental store on April 19, 1979 and on the second count for the robbery of a delicatessen on April 28, 1979. The defendants requested a charge of robbery in the second degree on the theory of the gun being unloaded. The request was denied on the basis that section 160.15 of the Penal Law provides that it is an affirmative defense that the gun was unloaded, which affirmative defense must be presented and proved by the defendants. The court being properly apprised of the defendants' contention, the affirmative defense should have been presented to the jury, provided the evidence indicated the possibility of such a defense. (*People v Smith,* 55 NY2d 888; *People v Lockwood,* 52 NY2d 790.) With respect to the delicatessen robbery, the defendant Kranenburg's statement, in his videotaped confession, was to the effect that the pistol was unloaded. Accordingly, there was a basis for the charge on that count. Therefore, we reduce to robbery in the second degree the judgment on that count only and remand for resentencing as to both defendants as to that. We have examined the other contentions of the defendants and find them without merit. Concur — Kupferman, J. P., Sullivan, Ross, Lupiano and Asch, JJ.