■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND LYDE, Appellant. — Judgment of the Supreme Court, New York County (James J. Leff, J.), rendered August 4, 1982, which convicted defendant, after a jury trial, of four counts of robbery in the first degree (Penal Law, § 160.15, subd 4), one count each of attempted robbery in the first degree (Penal Law, §§ 110.00, 160.15, subd 4), robbery in the third degree (Penal Law, § 160.05), attempted robbery in the third degree (Penal Law, §§ 110.00, 160.05), and criminal possession of a weapon in the third degree (Penal Law, § 265.02) and sentenced him to various consecutive terms which, in the aggregate, totaled 15 years to 30 years, is unanimously modified, on the law and facts and in the interests of justice, to reduce defendant's conviction of four counts of robbery in the first degree to two counts of robbery in the second degree (Penal Law, § 160.10) and two counts of robbery in the third degree (Penal Law, § 160.05), to reduce the conviction of attempted robbery in the first degree to attempted robbery in the second degree (Penal Law, §§ 110.00, 160.10), and is otherwise affirmed and the matter is remitted to Supreme Court, New York County, for resentencing in accordance herewith. Defendant was convicted of a series of robberies and attempted robberies of airline ticket offices. The counts of the indictment charging defendant with robbery, first degree, alleged that he displayed what appeared to be a pistol during the course of the commission of the crime and of the immediate flight therefrom. On appeal defendant argues that he was denied a fair trial by reason of the trial court's failure to sever the eight counts of the indictment, which alleged unrelated robberies, and the failure to charge the jury against commingling evidence of one of the robberies with another. He also argues that the evidence did not establish guilt of the crimes of robbery in the first degree beyond a reasonable doubt; that he was denied due process because of judicial prejudice and ineffective assistance of counsel. Defendant's arguments addressed to refusal of the court to sever the various counts of the indictment and his charges of prejudicial conduct by the trial court and prosecutor are without merit. Various counts of an indictment charging separate crimes may properly be joined where, for example a defendant's identity is in issue and his *modus operandi* is sufficiently unique to make evidence proving the commission of one crime probative of the fact of the commission of the other (CPL 200.20, subd 2, par [b]; *People v Beam,* 57 NY2d 241, 252-253) or where the offenses are the same or similar in law. (CPL 200.20, subd 2, par [c]; *People v Jenkins,* 50 NY2d 981.) Here, where defendant's identity was squarely placed in issue, the court's denial of the severance motion was proper. Moreover, in face of the overwhelming evidence of guilt, the court's failure to charge the jury against commingling the evidence regarding the respective robberies is at most harmless error. (See *People v Crimmins,* 36 NY2d 230.) It is clear that the jury considered each count separately; it acquitted defendant of one of the counts. Defendant's additional objections regarding the conduct of the trial court and the alleged ineffectiveness of counsel have been considered and found to be without merit. However, as pointed out above, the robbery, first degree, counts of the indictment were predicated upon the fact that defendant "displayed what appeared to be a

pistol" in the commission of the robberies. (Penal Law, § 160.15, subd 4.) That section provides that it shall be an affirmative defense "that such pistol, revolver, rifle, [etc.] was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged". Defendant was arrested in possession of a toy gun which was identified by several of the eyewitnesses as the one used during the course of the commission of various of the robberies. Indeed, the theory of the prosecution was that only a toy gun was used. Commendably the People concede on appeal that such is the fact, although they argue that by not requesting the robbery, second degree charge, defendant waived the affirmative defense. As pointed out by the Appellate Division, Third Department, in *People v Wilcox* (53 AD2d 738, 739) since "the People's theory of the case is that such a weapon, the starter's pistol * * * was used in the robbery * * * and there is no evidence to support a finding that any other firearm was utilized * * * it was error for the trial court to submit to the jury the crime of robbery in the first degree". Accordingly, even in the absence of such a request to charge or an objection to the failure to so charge, we may exercise our interest of justice jurisdiction and consider the error and its effect, if any. Here, the victims of the Delta and Aer Lingus robberies testified that defendant displayed the handle of a toy pistol in his waistband. In the Northwest Orient robbery the victims testified that they saw a bulge extending from defendant's waist down to his right pants' leg and that defendant motioned toward this bulge with his hand, as though to withdraw what they thought was a gun. Although, in this instance, defendant neither displayed a gun nor did the victims see a gun, we hold that the testimony suffices to convict defendant of robbery in the second degree. (*People v Knowles,* 79 AD2d 116.) In *Knowles,* defendant, who was in fact unarmed, was nevertheless convicted of robbery in the second degree where during the course of a robbery he positioned his hand in his pocket in such manner as to convey to his victim the impression that he was holding a firearm. Thus, pursuant to the authority of CPL 470.15 (subd 2, par [a]), we reduce defendant's conviction of robbery in the first degree under counts 2 and 3 of the indictment to robbery in the second degree, and the conviction of attempted robbery in the first degree under count 6 of the indictment to attempted robbery in the second degree. In respect to defendant's conviction of robbery in the first degree of Iberia Airlines (count 4) and Eastern Airlines (count 5) there is no evidence that defendant displayed a weapon of any sort. While in the Iberia robbery, the victim testified that he thought the defendant may have had a gun in a "white non-transparent bag", it does not appear that defendant made any gesture or other movement designed to create the impression that he possessed or intended to use a gun. In respect to the Eastern Airlines robbery, the record is devoid of any evidence that any weapon or anything which appeared to be a weapon was displayed or seen by the victims. Accordingly, we reduce the robbery, first degree, convictions under those counts to robbery in the third degree. We remit the matter to the trial court for resentencing on the reduced convictions. Concur — Sandler, J. P., Sullivan, Ross, Asch and Alexander, JJ.