In the Matter of STEVEN OWEN, Petitioner, v GEORGE W. STROEBEL, JR., as Schenectady County Court Judge, et al., Respondents.

Third Department, July 26, 1984

APPEARANCES OF COUNSEL

*E. Stewart Jones, Jr.* (*Robert M. Cohen* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Peter G. Crary* and *William J. Kogan* of counsel), for George W. Stroebel, Jr., respondent.

*John B. Poersch, District Attorney* (*Alfred D. Chapleau* and *John R. Polster* of counsel), respondent *pro se*.

OPINION OF THE COURT

MAHONEY, P. J.

Petitioner was indicted for the crimes of manslaughter in the second degree, criminally negligent homicide, assault in the second degree and assault in the third degree. All charges arose out of an August 24, 1980 automobile accident in which it was alleged that petitioner was the operator of a vehicle which caused the death of one passenger and the serious injury of another.

The trial of the case commenced on October 16, 1981 before respondent George W. Stroebel, Jr., Schenectady County Court Judge, and continued to October 30, 1981, when the case was submitted to the jury. After deliberating for approximately two hours, the jurors returned to the courtroom and the forelady reported that the jurors could not agree. The court gave additional instructions. Thereupon, the jury resumed deliberation for a brief period only to return to the courtroom with a request that certain testimony be read to them. When this process was repeated, the court, at 10:30 P.M., suspended deliberations and sequestered the jury for the night, directing that deliberations be resumed the following day at 9:30 A.M. At 11:20 A.M. on October 31, 1981, the jury once more returned to the courtroom and reported "this jury is deadlocked, and we cannot come to a conclusion". After a general inquiry as to whether further deliberation would be fruitful, which elicited a negative response from the jurors, the court, without determining if the jury had reached a decision as to any of the four counts of the indictment, without polling the jury, and without consent of either the prosecutor or defense counsel, *sua sponte,* declared a mistrial. The total time of deliberation by the jury was approximately six hours.

When the People announced they were ready to retry petitioner, he moved to dismiss the indictment upon the grounds of (1) double jeopardy, (2) violation of petitioner's constitutional right to a speedy trial, and (3) in the furtherance of justice. On January 18, 1984, respondent Stroebel denied the motion and directed the District Attorney to reschedule the case for trial at the earliest possible time. Petitioner commenced this CPLR article 78 proceeding in the nature of prohibition in this court pursuant to CPLR 506.*

It is a fundamental principle of our constitutional system that a defendant may not be placed twice in jeopardy for

---

* While respondent Stroebel concedes that the issue of double jeopardy is cognizable by way of prohibition, he takes no position on its merits since this criminal matter is still pending before him. Respondent John B. Poersch, the District Attorney, makes a similar concession with respect to the issue of double jeopardy, but joins with respondent Stroebel in the view that the extraordinary remedy of prohibition does not lie to collaterally review statutory or constitutional speedy trial issues or interest of justice motions. We agree (see *Matter of Lopez v Justices of Supreme Ct.,* 36 NY2d 949; *Matter of Scranton v Supreme Ct.,* 36 NY2d 704; *Matter of Blake v Hogan,* 25 NY2d 747).

the same offense (US Const, 5th Amdt; NY Const, art I, § 6). This broad constitutional prohibition has been statutorily tailored to address the issue presented by this case, i.e., when the court may discharge a deliberating jury before rendition of a verdict without offending both the Constitution and the statute. CPL 310.60 (subd 1, par [a]) provides that a deliberating jury may be discharged by the court only when "[t]he jury has deliberated for an extensive period of time without agreeing upon a verdict with respect to any of the charges submitted and the court is satisfied that any such agreement is unlikely within a reasonable time". Clearly a court discharge of a deadlocked or "hung" jury can be justified only when the jury has deliberated for an *extensive* period of time without agreeing on a verdict on any count and the court is satisfied that agreement is *unlikely* within a *reasonable* time. Here, the jury, in a serious case, had deliberated only about six hours, had not been polled concerning any one of the four counts submitted for their consideration, and was discharged by the court when only 2 of the 12 jurors responded negatively to the court's general inquiry if additional time would be helpful. While definitions of "extensive" and "reasonable" depend on the complexity of each case, the double jeopardy implications, evoking both Federal and State constitutional issues as well as statutory concerns, should incline a court to favoring more and more time and more and more opportunity without becoming oppressive or compelling a verdict (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 310.60, p 674). While the Trial Judge is in the best position to determine whether a mistrial is necessary in a particular case, and deference should be accorded to his decision to declare a mistrial (*People v Michael,* 48 NY2d 1, 9; *Matter of Napoli v Supreme Ct.,* 33 NY2d 980, affg on opn below 40 AD2d 159, cert den 417 US 947), we nevertheless conclude that where, as here, the time spent deliberating by the jury was not extensive, the inquiry by the court failed to ascertain whether an agreement would be likely within a reasonable time and the mistrial was declared without defendant's consent, it was an abuse of discretion to declare a mistrial.

Where a court declares a mistrial without obtaining the defendant's consent, the double jeopardy provisions of both our State and Federal Constitutions prohibit retrial for the same crime unless " 'there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated' " (*People v Michael, supra,* p 9, quoting *United States v Perez,* 9 Wheat [22 US] 579, 580). No showing of manifest necessity was made herein.

The petition should be granted, and respondents should be prohibited from prosecuting petitioner with respect to the incident underlying indictment No. 181-40.

KANE, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Petition granted, without costs, and respondents are prohibited from prosecuting petitioner with respect to the incident underlying indictment No. 181-40.