(March 14, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ANDREWS, Appellant. — Per Curiam. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 4, 1982, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree.

The conviction in this case arose out of separate incidents which occurred between the hours of 11:30 P.M. and midnight on

June 2, 1982 in the City of Albany wherein two women were attacked from behind and had their throats slashed. One of the women suffered a 3½-inch laceration which required at least 20 sutures to close. The other victim suffered a 12½-inch laceration which required in excess of 100 sutures to close. Both victims gave a general description of their attacker which matched that of defendant. Subsequently, each of the victims positively identified defendant as her assailant in a photograph array and a lineup.

Defendant was indicted and charged with two counts of attempted murder in the second degree and two counts of assault in the first degree. At a jury trial, each of the victims positively identified defendant as her attacker. Two witnesses to the attack on one of the victims, while unable to identify the assailant, gave a general description matching that of defendant. Defendant testified in his own behalf and denied any involvement in the attacks. He testified that he was at the Falcon's Nest, a bar in the City of Albany, on the evening in question. He then walked to the home of a friend and, later, returned to the bar. Defendant offered the testimony of a number of witnesses to confirm his testimony regarding his whereabouts on the night of the attacks. The People offered evidence to rebut defendant's alibi, including testimony of the manager of the Falcon's Nest that defendant was not at that bar on the night in question.

The jury found defendant guilty of one count of assault in the first degree and one count of assault in the second degree. He was sentenced to consecutive indeterminate terms of imprisonment of 5 to 15 and 2⅓ to 7 years. This appeal by defendant ensued.

Initially, we reject defendant's contention that the jury's verdict was coerced by the trial court. On two occasions during the jury's deliberations, the jury sent notes indicating that they could not come to a unanimous verdict. On each occasion, the trial court sent the jury back for further deliberations. Where a trial court is faced with a deadlocked jury, there is no precise formula to determine exactly how many times to send the jury back or how long the jury should deliberate. On the one hand, a verdict should not be coerced; on the other, there are double jeopardy implications of not requiring the jury to deliberate for an extensive time (see, Matter of Owen v Stroebel, 102 AD2d 651, 653; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 310.60, p 674). In view of the circumstances involved in this case, including the trial court's clear instructions to the jury that the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of the others, it cannot be said that the verdict was coerced.

Defendant also claims that the trial court's charge with regard to alibi evidence was erroneous since it failed to convey to the jury that the People had the burden of disproving the alibi beyond a reasonable doubt. Since defendant's request for an alibi charge was granted, and there was no objection to the particular charge given, this issue has not been preserved for review (CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273, 279-280; *People v Thomas,* 50 NY2d 467, 471-472). An exception to this rule exists where the procedure followed at trial was at basic variance with the mandate of law prescribed by Constitution or statute (*People v Patterson,* 39 NY2d 288, *affd* 432 US 197). In the instant case, the alibi charge did not switch the burden of proof to defendant, but stressed that the burden of proof was on the People. That being the case, defendant's claim that the actual words used could possibly have been interpreted as having a contrary effect does not come within the exception set forth in *People v Patterson (supra)* (*see, People v Thomas, supra,* p 472). Finally, while the charge could perhaps have been made more clear by an unequivocal statement that the People have the burden of disproving an alibi beyond a reasonable doubt (*see, People v Victor,* 62 NY2d 374), read as a whole, it correctly conveyed the law to the jury. Therefore, reversal on this ground in the interest of justice (CPL 470.15 [6] [a]) is not warranted.

Defendant's contention that the charge regarding identification testimony was improper must be rejected upon similar analysis. No request to charge regarding identification was made and the only objection to the charge given on identification was that it did not indicate that identity had to be established beyond a reasonable doubt. A review of the charge indicates that it clearly stated that the People had to prove identity beyond a reasonable doubt. Defendant also argues on this appeal that, since the proof on identification presented a close issue, the jury should have been instructed to carefully scrutinize the identification testimony and cautioned about the valuation of eyewitness identification testimony (*see, People v Whalen, supra,* p 279; *People v Landor,* 92 AD2d 625). Since this point was not raised in the objection to the identification charge, it has not been preserved for review (CPL 470.05 [2]; *People v Thomas, supra,* pp 471-472). Further, the charge, which instructed the jury on weighing witnesses' credibility and stated that identification must be proven beyond a reasonable doubt, was legally correct (*see, People v Whalen, supra,* p 279). Therefore, while the charge could have been more expansive, there is no need to review it pursuant to the exception provided in *People v Patterson (supra)* or in the interest of justice (CPL 470.15 [6] [a]).

Defendant also alleges as error the denial of his motion to sever the counts of the indictment relating to the second attack from those relating to the first. Defendant's position is that these were two separate and distinct acts and that the effect of a single trial was to allow the identification testimony of each victim to bolster that of the other victim.

Different offenses may be charged in the same indictment if they are "joinable" (CPL 200.20 [1]). Pursuant to CPL 200.20 (2), two offenses are joinable when:

"(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or

"(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law". In order to obtain a severance, a party must either establish that the offenses contained in the counts are not joinable or appeal to the discretion provided to the trial court in CPL 200.20 (3): "In any case where two or more offenses or groups of offenses charged in an indictment are based upon different criminal transactions, *and where their joinability rests solely upon the fact that such offenses, or as the case may be at least one offense of each group, are the same or similar in law, as prescribed in paragraph (c) of subdivision two,* the court, in the interest of justice and for good cause shown, may, upon application of either a defendant or the people, in its discretion, order that any such offenses be tried separately from the other or others thereof" (emphasis supplied). Thus, if two offenses are charged in the same indictment and are joinable pursuant to CPL 200.20 (2) (b), discretionary severance provided by CPL 200.20 (3) is inappropriate (*People v Lane* 56 NY2d 1, 7; *People v Christopher,* 101 AD2d 504, 533).

In the instant case, the offenses involved unprovoked attacks on lone young women, near to each other in both place and time. In each assault, the victim was attacked from behind and had her throat slashed with a sharp object. In neither case was there a robbery nor any other apparent motive other than gratuitous violence. Since defendant's identity was in issue and since the *modus operandi* in each of the attacks was so unique, evidence of each of the attacks was material and admissible as evidence-in-chief of the other attack (*see, People v Beam,* 57 NY2d 241, 252-253; *People v Christopher, supra,* pp 533-534; *People v Lyde,* 98

AD2d 650). Therefore, the offenses are joinable under CPL 200.20 (2) (b) and discretionary severance under CPL 200.20 (3) is not appropriate. For that reason, defendant's motion for severance was properly denied.

We have considered the remaining contentions advanced by defendant and find them without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.