■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASCUAL CANTRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered February 28, 1983, convicting him of robbery in the first degree (three counts), attempted robbery in the first degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Moskowitz, J.), after a hearing, of the defendant's motion to suppress evidence.

them) of the Supreme Court, Kings County (Schwartzwald, J.), rendered March 17, 1982, as to the defendant Cantres and March 19, 1982, as to the defendant Correa, convicting each of them of sexual abuse in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences.

Judgments affirmed.

The defendants were jointly tried on charges arising out of two separate incidents which occurred in the early morning hours of May 9, 1981. During his summation, the prosecutor urged the jury to consider the similarities between the two incidents and conclude that both the defendants were involved in them. Assuming, arguendo, that the *modus operandi* of the two criminal incidents were not sufficiently similar as to be probative on the issue of identity *(see, People v Beam,* 57 NY2d 241), under the circumstances of this case (where the jury could not reach a verdict as to any of the charges arising out of one of the incidents *[see, People v Lyde,* 98 AD2d 650], and the Judge instructed the jury that they were to consider the evidence as to each incident and each defendant separately), the prosecutor's comments did not cause substantial prejudice, or deny the defendants a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Mott,* 94 AD2d 415).

We have considered the other contentions raised by the defendants and find them to be without merit. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.