■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GAYLE, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Fried, J.), rendered on April 19, 1985, convicting defendant after a jury trial of robbery in the first degree, and sentencing him to an indeterminate term of from 5½ to 16½ years' imprisonment, unanimously reversed, on the law, and a new trial ordered.

At trial ample evidence was adduced by the People to support defendant's conviction for robbery in the first degree by proof that in the course of his commission of the crime, he displayed what the two immediate victims believed to be a pistol (Penal Law § 160.15 [4]; *People v Baskerville,* 60 NY2d 374). However, the same corpus of proof provided a reasonable basis for the jury to conclude that the "object" displayed by defendant, although concealed by his vest, "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]). Thus defendant was entitled to a charge on the lesser offense of robbery in the second degree *(see,* CPL 300.50 [1], [2]), and it was error for Criminal Term to deny defendant's explicit request for such a submission *(People v Lockwood,* 52 NY2d 790; *People v Smith,* 55 NY2d 888; *People v Kranenburg,* 89 AD2d 509).

Pauline Fenwick, a cashier working at the Fedco Foods supermarket in The Bronx, and Thomas Stallings, assisting Ms. Fenwick behind the counter in packing bags for customers, furnished the most direct evidence against defendant. Their testimony was that defendant announced "this is a stickup" after approaching Fenwick from behind. Stallings testified that he immediately "backed off" believing defendant, by pointing with something, was concealing a gun underneath his distinctive vest. Both testified that defendant reached into the cash register and with both hands then empty removed $189 in cash and food stamps before fleeing the store. Neither of these witnesses, nor any other, ever actually perceived a gun. When defendant fled the premises he was immediately pursued by two policemen on foot as well as their supervising sergeant, who cut off defendant's escape route in a patrol car. Also joining the pursuit was the store manager, Peter Garcia. With the possible exception of 5 or 6 seconds when defendant turned a corner, the officers who pursued on foot had defendant under observation at all times prior to his capture

several blocks away, and no one saw defendant discard anything. Following his arrest the balance of stolen money not dropped in the chase was recovered, but no weapon of any kind was found on defendant's person, nor did a search of the area by the officers after the arrest produce any results.

In denying defendant's application to submit the lesser included offense of robbery in the second degree for the jury's consideration, Criminal Term held that defendant had not satisfied his statutory burden of proving, by a preponderance of the evidence, that the object, or possibly simulated object, which appeared to the robbery victims to be a firearm, was unloaded or inoperable. The court's imposition of such a threshold showing was unwarranted since there was "a reasonable view of the evidence upon which the jury could find that defendant committed the lesser offense but not the greater" (People v Green, 56 NY2d 427, 434). It was for the jury, and not the court, to determine the weight and effect of the evidence as to the possibly innocuous character and capability of the object used by defendant, and whether defendant met his burden on that score (People v Henderson, 41 NY2d 233), if, indeed, the jury were to conclude (as this jury did) that he in fact had used an implement of some kind. This error was in no way cured by the court's submission of robbery in the third degree as a lesser included offense, because this sole alternative restricted the jury's deliberations to consideration of whether defendant used anything other than his own hand in simulating his possession of a weapon, and improperly foreclosed a third possibility that the object he did employ might not be a firearm.

It should be emphasized that availability of the partial defense under Penal Law § 160.15 (4) does not depend on whether the defendant himself is the proponent of the partially exculpatory evidence or whether, on the contrary, the evidence emerges in the course of the People's case. In both Smith (supra) and Kranenburg (supra), the contention that the robbery weapon was unloaded or inoperable surfaced in the defendant's confession offered in evidence by the prosecution. Despite the fact that those defendants offered no further affirmative proof of their own on that issue, it was nonetheless held error to preclude consideration of the lesser offense. Here the fact that no witness actually saw a gun, coupled with the fact that defendant was under close observation from the moment he left the store until his arrest without any realistic opportunity to discard something as formidable and commanding of attention as a gun fully provided the predicate for

submission to the jury of robbery, second degree. The failure to do so mandates reversal and a new trial *(People v Smith, supra)*. Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Wallach, JJ.