■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROSARIO, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), entered January 22, 1986, convicting defendant, after a jury trial, of the crime of robbery in the first degree (Penal Law § 160.15), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, is unanimously reversed, on the law and on the facts, and remanded for a new trial.

The People's evidence consisted, in substance, of the testimony of Ms. Lucia Diaz (Ms. Diaz), Mr. Sylvario Vargas (Mr. Vargas), and New York City Police Officer Alphonso Belagar (Officer Belagar). The defendant voluntarily absented himself from the trial.

In the early afternoon of September 19, 1984, Ms. Diaz was employed as a cashier by the C-Town Supermarket, located at 2733 Third Avenue, in Bronx County. Ms. Diaz testified, in pertinent part, that defendant appeared in her line, demanded

that she open the cash register, and when she refused, the defendant with "his hands in a sweater in the way of a gun * * * told me if I didn't open the * * * cash register, he was gonna [sic] shoot me". As soon as she opened the register, the defendant took the money and ran. Her scream alerted security guard Mr. Vargas, who gave chase. Subsequently Officer Belagar joined the pursuit, and he apprehended the defendant.

After the case was submitted to the jury, they found the defendant guilty of the crime of robbery in the first degree.

On this appeal, defendant contends that the trial court deprived him of a fair trial, since it denied his request to charge the jury on his affirmative defense to robbery in the first degree. The defendant argues that he was entitled to this charge, since there allegedly was a reasonable view of the evidence, which indicated defendant did not use an operable gun "capable of producing death or other serious physical injury" (Penal Law § 160.15 [4]).

Since our examination of the record indicates that there was no evidence that defendant actually possessed a gun at the time of the robbery, we find that Trial Term erred, when it refused to give such a charge, as requested by defendant's trial counsel (see, People v Kranenburg, 89 AD2d 509 [1st Dept 1982]).

Recently, we unanimously held in People v Gayle (131 AD2d 365, 366), that

"[i]t was for the jury, and not the court, to determine the weight and effect of the evidence as to the possibly innocuous character and capability of the object used by defendant, and whether defendant met his burden on that score (People v Henderson, 41 NY2d 233) * * *

"It should be emphasized that availability of the partial defense under Penal Law § 160.15 (4) does not depend on whether the defendant himself is the proponent of the partially exculpatory evidence or whether, on the contrary, the evidence emerges in the course of the People's case".

The fact pattern in People v Gayle (supra), as well as the question of law presented, are almost identical to the case before us. There, as herein, the defendant kept his hand concealed within his clothes, while he also robbed a supermarket, and no testimony was presented by anyone that they saw a gun, and the defendant's counsel requested, and the court denied, a charge, pursuant to Penal Law § 160.15 (4).

Accordingly, we remand for a new trial. Concur—Murphy, P. J., Kupferman, Ross, Milonas and Smith, JJ.