OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*878 At defendant’s trial on the charge of robbery in the first degree, evidence was adduced that complainant was riding alone in the last car of a subway train when defendant approached her, motioned with his hand in his pocket as though he had a gun, and demanded money. Believing defendant to have a gun, complainant surrendered 7 or 8 dollar bills. During the robbery, defendant never removed his hand from his pocket and the complainant never actually saw a gun. At the next subway stop, defendant left the train and walked down a flight of stairs to an underpass. As soon as defendant disappeared from her sight, complainant shouted to the police in the subway station that she had been robbed. Based on the description given, the police apprehended defendant one-quarter block from the subway station, a mere 2 to 3 minutes later. A search of defendant revealed eight one dollar bills, but no weapon.
The trial court refused defendant’s request to charge the jury on the affirmative defense of robbery in the first degree— that the object displayed was not a loaded weapon capable of producing death or other serious physical injury (Penal Law § 160.15 [4]). Concluding that this was error, the Appellate Division reduced defendant’s conviction to robbery in the second degree.*
A defendant is entitled to a charge on the affirmative defense to robbery in the first degree when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury (see, Penal Law § 160.15 [4]; People v Moye, 66 NY2d 887, 889; People v Baskerville, 60 NY2d 374, 380). Here, the evidence, viewed as it must be in the light most favorable to defendant (People v Farnsworth, 65 NY2d 734), was sufficient to present a factual question for the jury whether the object displayed was a firearm capable of causing death or other serious physical injury. Although defendant was out of the sight of complainant and the police for 2 or 3 minutes after the incident, the police officer — who took the same path through the underpass as did defendant — failed to discover any weapon. Once defendant reached the street, the officers had him within sight and *879 never saw him discard a weapon. Moreover, complainant never actually saw a gun, nor did she testify that she saw the outline of one, and no gun was ever recovered. Given these undisputed facts, the jury could have concluded that the object displayed in the course of the robbery was not a loaded weapon capable of producing death or other serious physical injury, and defendant’s request to so charge should therefore have been granted (see, People v Moye, 66 NY2d 887, 890, supra; People v Cable, 96 AD2d 251, 260-261, revd on other grounds 63 NY2d 270, 282-283; People v Willis, 56 NY2d 743).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.

 In reducing defendant’s conviction, the Appellate Division agreed with the People that it had the authority to do so pursuant to CPL 470.15 (2) (a). Inasmuch as defendant does not challenge this corrective action, we do not pass upon its propriety.