■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD HAILEY, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered February 13, 1986, which convicted defendant of one count of robbery in the first degree (count 9) with an indeterminate sentence of 10 to 20 years in prison, five counts of robbery in the first degree (counts 3, 5, 11, 24 and 26) with an indeterminate sentence on each count of 5 to 10 years, five counts of robbery in the third degree (counts 1, 7, 15, 19 and 21) with an indeterminate sentence on each count of 2½ to 5 years, two counts of attempted robbery in the third degree (counts 13 and 17) with an indeterminate sentence of 1½ to 3 years, seven counts of grand larceny in the second degree (counts 2, 6, 10, 16, 20, 22 and 27) with an indeterminate sentence of 2½ to 5 years on each of said counts, one count of grand larceny in the second degree (count 25) with an indeterminate sentence of 1½ to 3 years, three counts of grand larceny in the third degree (counts 4, 8 and 12) with an indeterminate sentence of 1½ to 3 years, two counts of attempted grand larceny in the second degree (counts 14 and 18) with an indeterminate sentence of 1½ to 3 years, and one count of escape in the second degree (count 23) with an indeterminate sentence of 1½ to 3 years, the sentences on counts 5 and 9 to run consecutive to each other, and the other sentences to run concurrently with each other and with the sentences on the fifth and ninth counts, unanimously modified, on the law and the facts, to reduce the convictions of robbery in the first degree to robbery in the second degree and to vacate the sentences on all counts, the matter remanded for resentencing and otherwise affirmed.

The convictions here result from a series of bank robberies. The counts charging robbery in the first degree alleged a violation of Penal Law § 160.15 (4), forcible stealing while displaying "what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm". It is an affirmative

defense to robbery, first degree, under Penal Law § 160.15 (4) that such firearm was not loaded and not readily capable of being fired in order to produce death or other serious physical injury. In these cases the defendant never displayed a weapon although his actions simulated that he possessed one. No witness ever saw a weapon and the defendant denied that he had one. Defendant was followed and apprehended immediately after one of the robberies and no gun was found when he was searched. Given this evidence, the defendant was entitled to a charge to the jury on the affirmative defense contained in Penal Law § 160.15 (4), an affirmative defense which would reduce robbery in the first degree to robbery in the second degree. (People v Gilliard, 72 NY2d 877 [1988].) In refusing to give the charge, the trial court erred. While the refusal to so charge may result in a reversal and a remand for a new trial (see, People v Rosario, 132 AD2d 505 [1st Dept 1987]; People v Gayle, 131 AD2d 365 [1st Dept 1987]), it is sufficient in some cases to reduce the conviction of robbery in the first degree to robbery in the second degree. (People v Gilliard, 72 NY2d, supra, at 878.)

In view of this disposition and the fact that 27 counts are involved, we deem it appropriate that the defendant be resentenced on all of the counts. We have examined the other contentions and find them to be without merit. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Smith, JJ.