■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE WATTS, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J., at suppression hearing; Joan Carey, J., at trial and sentence), rendered September 15, 1987, which convicted defendant, after a jury trial, of robbery in the first degree and sentenced him to a term of 3 to 9 years' imprisonment, is unanimously modified, on the law and the facts, to reduce defendant's conviction of robbery in the first degree to robbery in the second degree, and to vacate the sentence, and the matter is remanded to Supreme Court, New York County, for resentencing, and otherwise affirmed.

The complaining witness testified that he was walking along Third Avenue near the intersection of 34th Street when he noticed defendant moving toward him. The complainant attempted "evasive action", but this proved unsuccessful when defendant grabbed his wrist and demanded his wallet. When the complainant tried to pull away, defendant "put his right hand into a right pocket, and there seemed to be something pointed out of it". As defendant made this threatening movement he told the complainant: "I'll put a hole in you with this if you don't give me your wallet." At this point the complainant thought defendant was aiming a gun, so he surrendered his wallet to defendant who then ran north on Third Avenue.

This testimony, obviously believed by the jury, was sufficient to sustain a conviction under the single count of this indictment charging defendant with robbery in the first degree (Penal Law § 160.15 [4]) inasmuch as there was, in this confrontation, a display of what appeared to be a firearm *(People v Baskerville,* 60 NY2d 374; *People v Lopez,* 73 NY2d 214).

But the evidence did not stop there. As defendant began to flee the scene, he was observed by two police officers in a marked patrol car who instantly made a U-turn, pursued him, and apprehended him on 37th Street. In one of defendant's hands was the complainant's press shield, and a patdown revealed his wallet. However, no gun or any other weapon was recovered from defendant's person or along the route of his flight. The arresting officers testified that they had defendant under observation for the entire chase except for the brief instant it took to accomplish the U-turn of their automobile. Because this evidence provided a sufficient basis for the jury to conclude that what was displayed was not a loaded weapon capable of discharging a shot, the lesser included offense of robbery in the second degree (Penal Law § 160.10 [2] [b]), which is also an affirmative defense to robbery in the first degree (Penal Law § 160.15 [4]), should have been submitted as defendant requested. "A defendant is entitled to a charge on the affirmative defense to robbery in the first degree when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury" (People v Gilliard, 72 NY2d 877, 878; see also, People v Smith, 55 NY2d 888). In determining this question of sufficiency, the exculpatory evidence must be viewed by the court in the light most favorable to defendant (People v Gilliard, supra). Nor is it necessary that such evidence be presented by the defense; it can, as well, emerge in the course of the People's case (People v Rosario, 132 AD2d 505, 506; People v Gayle, 131 AD2d 365; People v Simon, 117 AD2d 980).

Although the trial court did submit for the jury's consideration the lesser included offense of robbery in the third degree, this charge down was no substitute for the submission of robbery in the second degree (People v Gayle, supra, at 366). True, if the jury had found no display at all, they could have convicted defendant of robbery in the third degree, but what was improperly precluded was a jury verdict reflecting that while an object was displayed which did appear to be a loaded firearm, it in fact was not.

As we held in People v Gilliard (134 AD2d 178, affd on other grounds 72 NY2d 877, supra), a new trial is not required to correct this type of error (CPL 470.15 [2] [a]). All the elements of robbery in the second degree were proven beyond a reasonable doubt in that the jury necessarily found by their verdict on the first degree count that defendant did display what

appeared to be a gun when he robbed the complainant. We therefore reduce defendant's conviction of robbery in the first degree to robbery in the second degree, and remand to the trial court for resentencing on the latter.

We have examined defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Wallach, JJ.