(March 29, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. LIPINSKI, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered May 2, 1988, upon a verdict convicting defendant of three counts of the crime of sodomy in the first degree.

On May 15, 1987, defendant and two teen-agers, Neil and Steven, attended an outdoor keg party in the Village of Endicott, Broome County. During the evening, defendant invited Neil to smoke marihuana. The two left the area of the party and entered nearby woods, where, according to Neil, defendant knocked him to the ground and grabbed his pants, stating "I want you". Neil managed to break away and ran back to the party. Later, defendant asked Steven if he wanted to smoke a "joint" and the two left the keg area. Defendant then began punching Steven, who tried to run away, but defendant tackled him, pulled Steven's pants down and put his mouth on Steven's penis. Steven testified that he then performed oral sex on defendant because defendant had stated that he would kill him if he did not comply. Defendant then anally sodomized Steven, again threatening to kill him. Eventually, defendant let Steven go. Following a jury trial, defendant was convicted of three counts of first degree sodomy and acquitted of the charge of first degree attempted sodomy.

Defendant was sentenced to three concurrent prison terms of 7 to 21 years. This appeal followed.

Defendant's chief contention on this appeal is that County Court erred in denying his motion for a severance and separate trials regarding the two victims. We disagree. Different offenses are joinable and may be tried together when evidence of one would be material and admissible as evidence-in-chief upon a trial of the other (CPL 200.20 [2] [b]), and, of particular significance here, if two offenses charged in the same indictment are joinable pursuant to CPL 200.20 (2) (b) discretionary severance under CPLR 200.20 (3) is inappropriate *(People v Andrews,* 109 AD2d 939, 942; *see, People v Lane,* 56 NY2d 1, 7).* In our view, the counts of the indictment involving Steven were joinable with the one charging the attempted sodomy of Neil because defendant's identity was by no means "conclusively established" in either case *(see, People v Condon,* 26 NY2d 139, 142; *People v Ferringer,* 120 AD2d 101, 111; *People v Yuk Bui Yee,* 94 Misc 2d 628, 634). Given the similar, and unusual, manner in which the two attacks were committed and the fact that they took place during the course of the same social event, evidence of each transaction was material and admissible as evidence-in-chief of the other *(see, People v Christopher,* 65 NY2d 417, 426-427; *People v Andrews, supra; see also, People v Beam,* 57 NY2d 241, 250-251; *People v Molineux,* 168 NY 264).

Defendant's next assignment of error arises out of the claimed discrepancy between the allegation of the third count of the indictment that defendant committed sodomy in the first degree by "[placing] his penis in the anus of a 17 year old male by means of forcible compulsion" and County Court's instruction to the jury that the People were not required to establish penetration. Initially, we reject defendant's argument that the People were required to prove penetration (Penal Law § 130.50 [1]; § 130.00 [2]; *see, People v Griffin,* 96 AD2d 720; *People v Griffith,* 80 AD2d 590). We also reject the contention that Penal Law § 130.00 (2) unconstitutionally denies due process and equal protection by defining "deviate sexual intercourse" as requiring mere *contact* between the enumerated body parts whereas the definition of "sexual intercourse" requires *penetration (see,* Penal Law § 130.00 [1]). The distinctions within Penal Law article 30 are only as to classes of body parts, not as to classes of human beings. Nor is there merit to the contention that County Court's charge impermissibly changed the theory of the prosecution *(see,* CPL 200.70). The indictment gave defendant fair notice of the

People's theory of the crime *(see, People v Charles,* 61 NY2d 321, 326-327) and County Court, correctly advising the trial jurors that the People need not prove penetration, an allegation extraneous to the material element of contact, did not usurp the Grand Jury's powers *(see, supra,* at 327; *People v Spann,* 56 NY2d 469, 472-473; *cf., People v Roberts,* 72 NY2d 489).

We also reject defendant's challenge to County Court's *Sandoval* ruling, permitting the People to cross-examine defendant as to out-of-State convictions of (1) possession of a concealed weapon, (2) resisting arrest "with violence" by referring to it as a conviction of resisting arrest, and (3) aggravated battery, by referring to it only as a felony conviction. In our view, the *Sandoval* ruling correctly allowed inquiry into convictions which demonstrated defendant's willingness to place his own interests above those of society *(see, People v Sandoval,* 34 NY2d 371, 377) and was "an eminently reasonable compromise between suppression of unfairly inflammatory evidence and evidence probative of defendant's credibility" *(People v Brewington,* 149 AD2d 852, 854, *lv denied* 74 NY2d 737). We have considered defendant's remaining points, including the claim that his sentence was harsh and excessive, and find them equally without merit. The sentence defendant received was less than the maximum allowed and the prison terms were to run concurrently, although they could have been imposed consecutively. On the record before us, we find no abuse of County Court's discretion *(see, People v Mabry,* 101 AD2d 961, 963). Accordingly, defendant's conviction should be affirmed in all respects.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.