■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD HAILEY, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered April 13, 1989, upon remand from this court, resentencing defendant on his conviction, after a jury trial, of six counts of robbery in the second degree, five counts of robbery in the third degree, eight counts of grand larceny in the second degree, three counts of grand larceny in the third degree, two counts of attempted robbery in the third degree, two counts of attempted grand larceny in the second degree and one count of escape in the second degree, as a second felony offender, as follows: five consecutive indeterminate prison terms of from 3 to 6 years on five of the second degree robbery counts (counts 3, 5, 9, 11, 24) and a concurrent indeterminate prison term of from 3 to 6 years on the remaining second degree robbery count (count 26), from 2½ to 5 years on each of the five third degree robbery counts (counts 1, 7, 15, 19, 21) and seven of the second

degree grand larceny counts (counts 2, 6, 10, 16, 20, 22, 27), and from 1½ to 3 years on the remaining second degree grand larceny count (count 25) and on each of the third degree grand larceny counts (counts 4, 8, 12), the third degree attempted robbery counts (counts 13, 17), the second degree attempted grand larceny counts (counts 14, 18) and the escape count (count 23), unanimously affirmed.

On an earlier appeal, this court modified the judgment, reducing the six robbery in the first degree convictions to robbery in the second degree, and remanded the matter for resentencing, deeming it appropriate that defendant be resentenced on all 27 counts. *(People v Hailey,* 148 AD2d 327.) The sentencing court, after reviewing the submissions by both sides and hearing arguments, resentenced defendant to the same total prison term as in the original sentence, basing its resentence on the totality of the crimes. Defendant has failed to show, as argued, that the court was vindictive or abused its discretion in resentencing. *(People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951.) Concur—Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.