■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD McCAIN, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered December 12, 1988, convicting defendant, after a jury trial, of robbery in the first degree, and upon his guilty plea, of criminal possession of a weapon in the third degree, and sentencing him as a predicate felon to concurrent indeterminate prison terms of from six to twelve and two and one-half to five years, is unanimously modified, on the law and the facts, to reduce defendant's conviction of robbery in the first degree to robbery in the second degree, and to vacate the sentence, and the matter is

remanded to the Supreme Court, New York County, for resentencing, and otherwise affirmed.

In the course of a robbery at the J and L Parking Lot located on 125th Street, defendant displayed what appeared to be a .45 caliber automatic pistol. On cross-examination of the cashier, the following testimony was elicited: "Q. Did you ever —did he have the gun loaded? A. No. Q. Put the clip in? A. No." At the conclusion of the People's case, defense counsel requested the court charge robbery in the second degree as a lesser-included offense as "there has been no evidence of the gun, specific evidence of a gun being present or operable or loaded." The court reserved decision until after defendant presented his case, and then advised counsel that it declined to charge robbery in the second degree as a "lesser-included". Although the jurors returned a guilty verdict, they submitted a note to the court indicating their belief that the gun was not loaded.

Robbery in the second degree is a lesser included offense of robbery in the first degree by virtue of the fact that it is an affirmative defense to robbery in the first degree that the gun displayed was either unloaded or inoperable (Penal Law § 160.15 [4]; § 160.10 [2] [b]). Contrary to the People's contention, defendant was not required to prove by a preponderance of the evidence that the gun was unloaded to be entitled to a charge on the lesser-included offense *(People v Gayle,* 131 AD2d 365, 366). Defendant's request to charge robbery in the second degree as a lesser-included offense should have been granted since there was sufficient evidence for the jury to conclude that the gun displayed was unloaded *(People v Watts,* 151 AD2d 307, 308, *lv denied* 74 NY2d 821).

Furthermore, as we held in *People v Watts (supra,* at 308-309), a new trial is not required since all the elements of robbery in the second degree were proven beyond a reasonable doubt. Nor was the jury's verdict against the weight of the evidence, as defendant contends.

The People concede that in sentencing defendant, the court erred by relying on statutory minimums for a violent predicate felon when defendant was adjudicated a second felony offender. Although defendant argues that his sentences should be modified to reflect the court's stated intention of sentencing him to the minimum permissible terms, we have already determined that the case should be remanded to the trial court for resentencing on the basis of our reduction of defendant's conviction to robbery in the second degree. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.