■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL DEBOUE, Appellant. [652 NYS2d 296] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered November 7, 1994, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's convictions of robbery in the first degree (two counts) to convictions of robbery in the second degree (two counts) and vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

In the course of a robbery, the defendant displayed to the complainants what appeared to be a gun. Both complainants testified that they saw a bulge in the defendant's pocket and believed it to be a gun. One complainant testified that it resembled a closed fist in the jacket pocket. The defendant warned them that he had a gun, robbed them of their jewelry, and ran off. Minutes later, the police apprehended the defendant after observing him throwing metallic objects to the ground. No gun was recovered.

At trial, the defendant requested that the court charge the jury on the affirmative defense to the charge of robbery in the first degree, arguing that the jury might find that he did not use a loaded or operable gun. The defendant also requested that the court charge robbery in the third degree as a lesser included offense. The court denied the defendant's requests and charged only robbery in the first degree.

A defendant is entitled to a charge on the affirmative defense to robbery in the first degree when there is sufficient evidence for a jury to find by a preponderance of the evidence that the object displayed was not a loaded weapon capable of producing death or serious physical injury (*see*, Penal Law § 160.15 [4]; *People v Gilliard*, 72 NY2d 877). The defendant's request for a charge on the affirmative defense should have been granted since there was sufficient evidence for a jury to conclude by a preponderance of the evidence that the object displayed by the defendant was not a loaded weapon capable of producing death or other serious injury during the course of the robbery (*see, People v Gilliard, supra; People v Lopez*, 73 NY2d 214, 222, n 2; *People v Hailey*, 148 AD2d 327).

The People consent to forego a new trial to correct this error (*see*, CPL 470.15 [2] [a]; *People v McCain*, 172 AD2d 161; *People v Watts*, 151 AD2d 307), since all of the elements of robbery in the second degree were proven beyond a reasonable doubt in that the jury necessarily found by their verdict that the defendant displayed what appeared to be a gun when he robbed the complainants (*see, People v Baskerville*, 60 NY2d 374; *People v Watts, supra*).

The court properly declined to charge robbery in the third degree since no reasonable view of the evidence supports a finding that the defendant did not display what appeared to be a gun (*see, People v Baskerville*, 60 NY2d 374, *supra; People v Ruiz*, 220 AD2d 466). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.