THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FREDERICKS, Appellant. [851 NYS2d 651]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered September 29, 2004, convicting him of robbery in the first degree (five counts), attempted robbery in the first degree (two counts), robbery in the second degree (three counts), grand larceny in the fourth degree (six counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's convictions of robbery in the first degree (five

counts) to convictions of robbery in the second degree (five counts), and the defendant's convictions of attempted robbery in first degree (two counts) to convictions of attempted robbery in the second degree (two counts), and vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

From May 2002 to February 2003, the defendant went on a robbery rampage in which he robbed or attempted to rob numerous victims at gunpoint, including workers at a daycare center while infant children were present, and a pastor at a church. Nine of the victims identified a BB gun recovered from the defendant's backpack upon his arrest as the gun he displayed during the commission of the robberies; two victims thought the BB gun looked similar to the one used by the defendant.

At defense counsel's request, the trial court submitted robbery in the second degree to the jury as a lesser-included offense of robbery in the first degree. However, defense counsel did not request, and indeed, expressed a lack of understanding of the prosecutor's request for, a jury charge on the affirmative defense to robbery in the first degree—that the BB gun displayed was not a loaded weapon capable of producing death or serious physical injury—which would have distinguished the offenses from each other (see Penal Law § 160.10 [2] [b]; § 160.15 [4]). The court thus gave almost identical charges to the jury on the first and second degree robbery counts, and the jury convicted the defendant, inter alia, of five counts of robbery in the first degree and two counts of attempted robbery in the first degree. We modify.

While " 'meaningful representation' does not mean 'perfect representation' " (People v Ford, 86 NY2d 397, 404 [1995], quoting People v Modica, 64 NY2d 828, 829 [1985]; see People v Benevento, 91 NY2d 708, 712 [1998]), the record before us demonstrates that defense counsel's representation was less than meaningful under the circumstances (see People v Satterfield, 66 NY2d 796, 798-799 [1985]). Given that the defendant had not used a loaded weapon in the commission of the crimes, defense counsel's failure to request the dismissal of the first-degree robbery charges, and his failure to join in the prosecutor's request for submission to the jury of that affirmative defense, constituted ineffective assistance of counsel (see People v Layton, 302 AD2d 408 [2003]; People v Bowman, 133 AD2d 701 [1987]). No trial strategy justified defense counsel's failure to request, and failure to join in the prosecutor's request for submission of, the affirmative defense, since he affirmatively

requested submission of the lesser-included offense (*see People v Lyde,* 98 AD2d 650, 651 [1983]).

Moreover, the trial court compounded defense counsel's mistakes by erroneously charging the jury on robbery in the second degree as a lesser-included offense of robbery in the first degree without instructing the jury regarding the affirmative defense to robbery in the first degree (*see People v Gilliard,* 72 NY2d 877, 878 [1988]; *People v Bady,* 202 AD2d 440 [1994]; *People v Lyde,* 98 AD2d at 651). The jury's confusion with regard to the almost identical charges became evident in its question to the court. The People, on appeal, consent to forego a new trial to correct this error, and agree to a reduction of the convictions to robbery in the second degree and attempted robbery in the second degree in the event this Court finds that defense counsel was ineffective.

In light of our determination vacating the sentences imposed for robbery in the first degree and attempted robbery in the first degree, the defendant's contention that the sentences were excessive is academic (*see People v Metellus,* 46 AD3d 578 [2007]). Mastro, J.P., Rivera, Balkin and Dickerson, JJ., concur.