■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COLLINS, Appellant. [990 NYS2d 565]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered February 16, 2012, convicting him of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of robbery in the first degree to a conviction of robbery in the second degree, and vacating the sentence imposed on that count; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the conviction of robbery in the second degree.

The defendant was convicted after a jury trial of robbery in the first degree, among other crimes, based on evidence that he forcibly stole property while displaying what appeared to be a firearm. During their direct case, the People admitted into evidence audio recordings of telephone calls made by the defendant from jail, wherein the defendant admitted to committing the subject robbery but stated, in essence, that he only pretended to have a gun during the commission of the robbery.

On appeal, the defendant contends, and the People correctly concede, that the defendant was deprived of the effective assistance of counsel, under both the federal and state constitutions, as a result of his trial counsel's failure to request that the trial court submit to the jury the affirmative defense to robbery in the first degree that the object that appeared to be a firearm was not a loaded weapon from which a shot, capable of producing death or other serious physical injury, could be discharged (*see* Penal Law § 160.15 [4]; *Strickland v Washington*, 466 US 668, 688, 694 [1984]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Fredericks*, 48 AD3d 827, 828-829 [2008]). "[T]he New York State constitutional standard for the effective assistance of counsel 'is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case' " (*People v Canales*, 110 AD3d 731, 734 [2013], quoting *People v Benevento*, 91 NY2d at 714). Thus, denial of a defendant's fundamental right to counsel generally requires reversal of the conviction and a new trial (*see e.g. People v Canales*, 110 AD3d at 734-735). Here, however, since the affirmative defense in Penal Law § 160.15 (4) applies only to the count of robbery in the first degree, the defendant requests, as a remedy for his counsel's failure to request that affirmative defense, that the conviction of robbery in the first degree be reduced to a conviction of robbery in the second degree. The People consent in their appellate brief to reduction of the defendant's conviction in lieu of a new trial on the robbery charge. Under the circumstances of this case, where the defendant and the People agree to forgo a new trial on this charge, the remedy sought by the parties is appropriate, and we modify the judgment accordingly in the interest of justice (*see People v Fredericks*, 48 AD3d at 829; *People v Watts*, 151 AD2d 307 [1989]; *People v Gilliard*, 134 AD2d 178 [1987]).

The defendant's contention that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant did not object to the challenged remarks (*see* CPL 470.05 [2]). In any event, the defendant's contention is without merit, as the remarks constituted fair comment on the evidence (*see People v Rampersad*, 110 AD3d 1009 [2013]; *People v Miller*, 239 AD2d 787, 789-790 [1997]).

In light of our determination vacating the sentence imposed on the conviction of robbery in the first degree, the defendant's contention that his sentence on that count was excessive is academic (*see People v Fredericks*, 48 AD3d at 829). Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.