■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR D. SMITH, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 28, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Lazer, Cohalan and Margett, JJ., concur.

Titone, J.P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum, in which Mangano, J., concurs. Defendant was charged with robbery in the first degree, pursuant to subdivision 4 of section 160.15 of the Penal Law, in that he forcibly stole property and displayed what appeared to be a pistol, revolver or other firearm in the course of the crime. Defendant made a timely request that the trial court submit robbery in the second degree to the jury. The lesser crime can be established if the defendant proves by a preponderance of the evidence that the firearm "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law, § 160.15, subd 4). The trial court denied this request, holding that on no reasonable view of the evidence would such a charge be appropriate. The court must submit a lesser included offense, when requested to do so, "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50, subds 1, 2). The only proof submitted which would support defendant's contention that the gun was not loaded was a statement to that effect in defendant's confession. And the only evidence to the con-

trary was the equivocal testimony of an accomplice. The confession is equivalent, for these purposes, to the defendant's own testimony, which would undoubtedly require the submission of the lesser charge (see *People v Asan,* 22 NY2d 526; *People v Malave,* 21 NY2d 26). Since the gun was not fired, nor immediately recovered, the only possible means to establish the affirmative defense was from defendant's statements (whether by testimony at the trial or, as here, by his confession) (see *People v Felder,* 39 AD2d 373, affd 32 NY2d 747, cert den *sub nom. Felder v New York,* 414 US 948). In my opinion, the confession provides a reasonable basis in the evidence for a finding of guilt of the lesser count and rejection of the greater count (see *People v Scarborough,* 49 NY2d 364). Accordingly, the failure to submit the lesser charge of robbery in the second degree is reversible error and requires a new trial (see *People v Johnson,* 45 NY2d 546). I am aware that robbery in the first degree includes the display of what appears to be a weapon by another participant in the crime (see Penal Law, § 160.15, subd 4). Clearly, there was unrebutted evidence adduced at trial that defendant's accomplices displayed weapons during the course of the robbery. However, in my opinion, the People were limited to the theory contained in the indictment, namely, the defendant's display of a weapon (see *People v Barnes,* 50 NY2d 375, 379). The indictment states, in relevant part: "The defendant, acting in concert with other persons * * * forcibly stole certain property * * * namely, United States currency, checks and credit card slips in the course of the commission of the crime and of immediate flight therefrom, the defendant displayed what appeared to be a pistol, revolver or other firearm." The State Constitution (art I, § 6) provides, in part: "No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury" (see, also, US Const, 5th Amdt). A court cannot permit a defendant to be tried on a theory of prosecution that is not contained in the indictment against him (see *Stirone v United States,* 361 US 212; *Matter of Bain,* 121 US 1; *People v Duncan,* 46 NY2d 74, 79; *People v Boyd,* 59 AD2d 558, 560). In my opinion, a conviction based on evidence of the accomplices' weapons would be proscribed, since the theory is substantially different from the one alleged in the indictment (see *Russell v United States,* 369 US 749, 770; *Stirone v United States, supra,* p 217; *United States v Thomas,* 610 F2d 1166, 1173). While CPL 200.70 (subd 1) permits amendment of an indictment to correct "defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like," it does not permit a change in the theory of prosecution (see CPL 200.70, subd 2; *People v Boyd, supra*). Accordingly, with the preclusion of this theory, the failure to submit the lesser charge was error and a new trial is required.