OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 We conclude that the trial court erred by refusing defendant’s request to charge robbery in the second degree. As noted by the dissenter in the court below, defendant’s confession, which was admitted into evidence as part of the People’s direct case, contained a statement to the effect that the weapon defendant was carrying during the robbery was a toy gun. This statement provided a reasonable basis in the evidence for the jury to conclude that the firearm displayed by defendant “was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.” (Penal Law, § 160.15, subd 4; see CPL 300.50, subds 1, 2.) Therefore, defendant was entitled to a charge on the lesser offense of robbery in the second degree. Contrary to the People’s contention, the trial court’s charge concerning accomplice liability in no sense removed the effect of the prior error occasioned by the court’s refusal to charge the lesser offense.
 

 We would only add that, by not raising before the suppression court the particular issue that his statements should have been suppressed as the result of an arrest effected in his home without a warrant and in the absence of exigent circumstances (see
 
 Payton v New York,
 
 445 US 573), defendant has failed to preserve that issue for appellate review.
 
 (See People v Gonzalez,
 
 55 NY2d 887 [decided herewith].)
 

 
 *891
 
 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur; Judge Jones taking no part.
 

 Order reversed, etc.