■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARON JENNINGS, Appellant. — Appeal by defendant from a judgment of the County Court,

Suffolk County (Doyle, J.), rendered November 17, 1979, convicting him of rape in the first degree (six counts) and sodomy in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of so much of defendant's motion as was to suppress certain statements. Judgment affirmed. In his omnibus motion papers, defendant, by his counsel's affirmation, argued, *inter alia,* that his statements to the police should be suppressed since they followed his arrest at his home, "a month after the alleged incident without an arrest warrant and [he] was not told the nature of the offense for which he was being arrested". However, at the suppression hearing, the only issue that was placed before the court was the factual question of whether defendant had been given notice, prior to his arrest, as to the officers' purpose pursuant to CPL 120.80 (subd 4) and 140.15. At no time did counsel argue or request the court to rule upon this issue of whether defendant's statements "should have been suppressed as a result of an arrest effected in his home without a warrant and in the absence of exigent circumstances (see *Payton v New York,* 445 US 573)" (*People v Smith,* 55 NY2d 888, 890). By not pursuing that particular issue, defendant has failed to preserve it for appellate review as a matter of law (*People v Smith, supra; People v Gonzalez,* 55 NY2d 887, 888; *People v Martin,* 50 NY2d 1029). Moreover, under the circumstances herein presented, review of this issue is not warranted as a matter of discretion in the interest of justice. We have considered defendant's other arguments and find them to be without merit. Lazer, Brown and Niehoff, JJ., concur.

Titone, J. P., dissents and votes to remit the case to the County Court, Suffolk County, for a further hearing and to hold the appeal in abeyance in the interim, with the following memorandum: In *People v Payton* (45 NY2d 300, 305) the Court of Appeals had determined that a nonconsensual entry into a defendant's home to effectuate a warrantless arrest, based upon probable cause, was not necessarily violative of a defendant's constitutional right to be secure against unreasonable searches and seizures, even though there were no exigent circumstances. In his motion papers, defendant challenged the legality of his arrest on the basis that it was effected without a warrant, a month after the alleged incident. Nevertheless, no determination was ever made as to whether defendant's statements were suppressible as the fruit of a warrantless arrest. At the time of the suppression hearing *People v Payton* (45 NY2d 300, *supra*) represented the law in New York. Thus, defendant, acknowledging said decision, did not challenge the People's failure to present evidence that there were exigent circumstances justifying the arrest and obviously it was unnecessary for the People to attempt to prove that there were exigent circumstances. After defendant's conviction, the United States Supreme Court reversed the decision of the Court of Appeals in *People v Payton* (*supra*) and held that absent exigent circumstances, the police are prohibited from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest (*Payton v New York,* 445 US 573). The *Payton* rule, as enunciated by the Supreme Court, is to be applied retroactively to cases still pending on direct appeal (*United States v Johnson,* 457 US 537). Under these circumstances, defendant should not be held to have waived his right to now contest the denial of his motion to suppress his statements as the fruit of an illegal arrest. In any event, in my opinion the interest of justice dictates that this issue should be reached by this court. However, the record is not sufficient to determine the issue of the admissibility of the defendant's statements. Accordingly, I would remit the matter to the County Court, Suffolk County, for a further evidentiary hearing to determine whether the warrantless arrest herein was made under exigent circumstances and if the trial court finds that the arrest was

improper, whether the defendant's statements must be excluded as the fruit of an illegal arrest or whether there was sufficient attenuation to sustain the admissibility of the statements (see *People v Payton,* 51 NY2d 169, 176-178).