■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO NIEVES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 22, 1978, convicting him of murder in the second degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of so much of defendant's motion as was to suppress certain statements. ¶ Judgment affirmed. ¶ In defendant's omnibus motion papers, he did not raise the issue of his warrantless arrest as a ground to suppress his station house statements. At the suppression hearing the court was asked to rule upon the factual question of whether defendant had made statements as the result of police misconduct. At no time did counsel argue that defendant's statements should have been suppressed as a result of an arrest effected in his home without a warrant. By not pursuing this particular issue, defendant has failed to preserve it for appellate review (*People v Smith,* 55 NY2d 888, 890; *People v Gonzalez,* 55 NY2d 887, 888; *People v Martin,* 50 NY2d 1029, 1031; *People v Jennings,* 94 AD2d 802). Moreover, under the circumstances herein presented, we decline to invoke our interest of justice jurisdiction to reach the issue. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN PORTNOY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered December 30, 1982, convicting him of criminal possession of a forged instrument in the second degree, criminal possession of stolen property in the first degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed, and the case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ We find that the court's charge taken as a whole, including the reference to "conscious avoidance", did not lower the standard of proof required for conviction. The court repeatedly stressed to the jury that the People must establish actual knowledge beyond a reasonable doubt in order to convict the defendant. ¶ We have reviewed defendant's other contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY HALL, Appellant, v WARDEN OF QUEENSBORO CORRECTIONAL FACILITY et al., Respondents. — Judgment of the Supreme Court, Queens County (Kellam, J.), dated August 12, 1983, affirmed, without costs or disbursements. (See *People ex rel. Miller v Walters,* 60 NY2d 899.) Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.