■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CINTRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 12, 1982, convicting him of assault in the second degree (three counts), endangering the welfare of a child (three counts), criminal possession of a weapon in the fourth degree (three counts) and assault in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of statements made by the defendant to the police.

Judgment affirmed.

The evidence adduced at trial, viewed in a light most favorable to the People *(see, People v Giuliano,* 65 NY2d 766, 768; *People v Malizia,* 62 NY2d 755, 757, *cert denied,* 469 US 932; *People v Kennedy,* 47 NY2d 196, 203), was sufficient to prove beyond a reasonable doubt that the defendant committed the crimes of which he was convicted.

The defendant contends that his statements to the police should have been suppressed since they resulted from an arrest under nonexigent circumstances effected at his home without a warrant. The defendant concedes that this particular issue was not raised at the suppression hearing and, therefore, was not preserved for appellate review *(see, People v Grosfeld,* 58 NY2d 887; *People v Gonzalez,* 55 NY2d 887, 888; *People v Smith,* 55 NY2d 888, 890). Nevertheless, the defen-

dant urges us to reverse his conviction on this ground in the exercise of our interest of justice jurisdiction. We are not persuaded that the circumstances of this matter merit the exercise of our discretion and, therefore, we decline to review the substance of the defendant's argument in this regard *(see, People v Sellers,* 103 AD2d 784; *People v Nieves,* 102 AD2d 858; *People v Jennings,* 94 AD2d 802).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.