■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL TONEY, Appellant.—Judgment unanimously affirmed. Memorandum: We conclude that the evidence at trial was legally sufficient to support defendant's conviction of manslaughter in the second degree.

Viewed in the light most favorable to the People, the evidence shows that in the early morning hours of April 29, 1983, defendant argued with the victim, engaged in a pushing contest with him and chased him into a playground, where they scuffled. As a third party approached the pair to intervene, defendant ran past him and the victim took two steps before collapsing with blood pouring from his chest. An autopsy revealed that the victim died from massive blood loss as a result of a one-inch stab wound to the left side of his chest. Defendant on that same day left New York for South Carolina. The verdict must be upheld as there is a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury that the People had satisfactorily met their burden of proof as to defendant's guilt (see, People v Bleakley, 69 NY2d 490). Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct during summation. Having reviewed the prosecutor's conduct we cannot say defendant was deprived of a fair trial (People v Roopchand, 107 AD2d 35, 36, affd 65 NY2d 837).

Defendant in his pro se brief also asserts that the trial court erred in permitting the People to impeach their witness by her prior Grand Jury testimony for failure to recall the events in question (CPL 60.35; People v Fitzpatrick, 40 NY2d 44). While this impeachment was improper no objection was made by defense counsel, so the error is not preserved for our review. (CPL 470.05 [2]; People v Boyd, 58 NY2d 1016, 1018).

We decline to exercise our discretion in the interests of justice.

We have reviewed the remaining contentions raised by defendant *pro se* and by appellate counsel, and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Dugan, J.—manslaughter, second degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.