■ The People of the State of New York, Respondent, v Quinton Faulk, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered April 2, 1987, convicting him of grand larceny in the third degree and criminal mischief in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the trial court, as fact finder, failed to give proper weight to the testimony of his witnesses, which, if accepted, established that he was not at the scene of the crime. However, resolution of issues of credibility as well as

the weight to be accorded to the evidence presented are primarily questions to be determined by the fact finder and great deference is accorded to the fact finder's opportunity to view the witnesses, hear the testimony and observe demeanor *(see, People v Bleakley,* 69 NY2d 490, 495; *see also, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The court relied upon the testimony of two police officers who knew the defendant and identified him as the perpetrator. Upon the exercise of our factual review power, after weighing the conflicting testimony, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.