■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HOWARD HUGHES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered May 2, 1980, convicting him of murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

For the first time on appeal, the defendant contends that suppression of his jacket was improperly denied because it was seized incident to a nonconsensual, warrantless search, absent any exigent circumstances *(see, Payton v New York,* 445 US 573). The issue of lack of consent was raised neither at the pretrial hearings nor at the hearing held midway into the trial and is therefore unpreserved for our review *(see, People v Martin,* 50 NY2d 1029). Nor does the interest of justice compel a reversal on the record before us which reveals that the defendant's mother knowingly consented to the police's entry into the apartment. The record is devoid of any inference of coercion or misrepresentation. Thus, when the officer saw the orange jacket at the foot of the bed and told the defendant to put it on after the defendant indicated it was his jacket, the seizure was justified under the voluntary consent exception to the warrant requirement and under the seizure incident to arrest exception *(see, People v Knapp,* 52 NY2d 689; *People v Gonzalez,* 39 NY2d 122; *People v Singleteary,* 35 NY2d 528; *People v Brosnan,* 32 NY2d 254; *People v Carter,* 30 NY2d 279). The defendant testified that the jacket was taken from his closed closet. However, conflicting inferences are to be decided by the trier of fact and we do not find that the hearing court's determination to credit the officer's testimony over that of the defendant was unsupportable as a matter of law *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Nieves,* 102 AD2d 858).

The alleged errors with respect to the court's charge were neither excepted to at the trial nor were specific requests to charge made. Therefore, the asserted errors are unpreserved for our review *(see,* CPL 470.05 [2]; *People v Best,* 119 AD2d 758). In light of the heinous nature of this crime, the strong circumstantial evidence against the defendant and the weakness of the alibi testimony, we decline to address these contentions in the interests of justice *(People v Beckles,* 115 AD2d 749, *lv denied* 67 NY2d 759).

The defendant contends that the prosecution's witnesses,

because of their criminal histories, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.