■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL BAKER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of manslaughter in the second degree (Penal Law § 125.15 [1]) for recklessly

causing the death of David Harris by stabbing him in the heart following an altercation on a street corner. On appeal, he claims that the jury's verdict was against the weight of the evidence because the conflicting testimony at trial failed to establish that he acted recklessly.

The jury, faced with sharply conflicting testimony, had to resolve an issue of credibility. Credibility is best determined by the trier of fact, who has the advantage of observing the witnesses and is in a superior position to judge veracity *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758; *People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024). On this record, the jury was clearly entitled to disbelieve defendant's claim that he accidentally stabbed the victim with a penknife that he happened to find earlier that evening. Moreover, it is apparent from the record that the jury conscientiously considered both manslaughter in the second degree and the lesser included offense of criminally negligent homicide. Upon the exercise of our factual review power, after weighing the conflicting testimony, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Hughes,* 138 AD2d 523, 525; *People v Faulk,* 137 AD2d 830, 831; *People v Toney,* 132 AD2d 955, *lv denied* 70 NY2d 938). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—manslaughter, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.