THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL PITTMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of raping his 29-year-old married sister in her apartment in the City of Rochester on the evening of January 5, 1987 and also of aiding and abetting two other men in raping and sodomizing

his sister and robbing his brother-in-law. Defendant denied the charges. He testified that he went to his sister's apartment with a man he knew only as "Fast Black" to whom he owed money as a result of a gambling debt. "Fast Black" and another man entered the apartment with him, but defendant left when they began smoking dope. He maintained that his sister was totally dominated by her husband, who made up the story and implicated defendant because of the bad blood between them.

The evidence, viewed in the light most favorable to the People *(People v Ford,* 66 NY2d 428, 437; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), was legally sufficient to support the judgment of conviction. The testimony of defendant's sister was sufficient to establish all the elements of forcible rape, sodomy and incest and the testimony of his brother-in-law was sufficient to establish all the elements of robbery in the second degree. Defendant's testimony that he did not rape his sister and that he did not aid and abet in the rapes, sodomies and robbery committed by the two unidentified men merely raises an issue of credibility which the jury, as the trier of the fact, resolved against defendant.

Defendant was not deprived of his constitutional and statutory right to a trial by a jury of his choice when the Trial Judge, over defense counsel's objection, discharged a sworn juror in the middle of his trial and replaced him with an alternate juror. The standard for determining when to substitute an alternate juror for a sworn juror pursuant to CPL 270.35 is a flexible one and the decision as to whether a juror is unable to continue serving is left to the trial court's broad discretion *(People v Page,* 72 NY2d 69, 73; *People v McDonald,* 143 AD2d 1050, *lv denied* 73 NY2d 857). In our view, the trial court's discharge of the sworn juror and his replacement with an alternate juror, in the circumstances of this case, constituted a proper exercise of the court's discretion *(People v Washington,* 72 NY2d 69, 74; *People v Lawrence,* 143 AD2d 1045; *People v McDonald,. supra; People v Burns,* 118 AD2d 864).

Upon the exercise of our factual review power, after weighing the conflicting testimony, we find that the verdict is supported by legally sufficient evidence and is not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Hughes,* 138 AD2d 523; *People v Faulk,* 137 AD2d 830). We further find that defendant was properly sentenced as a persistent felony offender.

We have reviewed the other contentions raised on appeal

and find them to be either unpreserved or of no merit. (Appeal from judgment of Monroe County Court, Celli, J.—rape, first degree, and other charges.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.