■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered July 3, 1989, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury verdict convicting him of criminal possession of a controlled substance in the third degree and acquitting him of criminal sale of a controlled substance in the third degree was repugnant is unpreserved for appellate review since he failed to object to the verdict prior to the discharge of the jury (see, People v Stahl, 53 NY2d 1048; People v Almeida, 159 AD2d 508). In any event, we find that the verdict was not repugnant because there was ample evidence to support the defendant's conviction on the possession count even had the jury rejected the

theory that he acted in concert with the codefendant, and therefore acquitted him on the sale count.

Also unpreserved for appellate review is the defendant's claim that the court gave an improper charge as to his liability as an accomplice *(see, People v Nuccie,* 57 NY2d 818; *People v Breazil,* 120 AD2d 602). In any event, we find that the court's charge did not prejudice the defendant since "[t]here is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910; *see also, People v Smith* 156 AD2d 756).

The defendant's claim of prosecutorial error on summation is largely unpreserved for appellate review *(see, People v Nuccie, supra; People v Michael,* 152 AD2d 752). In any event, we find that none of the prosecutor's comments deprived the defendant of a fair trial. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.