■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GARLAND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered April 23, 1991.

Ordered that the appeal is dismissed (see, People v Seaberg, 74 NY2d 1). Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNOLD GASKIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered September 4, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have previously held that, in the absence of prejudice, reversal is not required solely because the prosecution is permitted to pursue a conviction based on accessorial liability, even though the indictment charged the defendant as a principal (see, People v Smith, 156 AD2d 756, citing People v Duncan, 46 NY2d 74, 79-80; see also, People v Rogers, 177 AD2d 666). In the present case, there was no possibility of prejudice to the defendant, and reversal, therefore, is not warranted (cf., People v Roberts, 72 NY2d 489 [actual prejudice noted]; see also, People v Curro, 161 AD2d 784; People v Udzinski, 146 AD2d 245, 261-262 [nonprejudicial variance between indictment and theory employed at trial harmless]).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.