slaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the indictment did not charge the defendant with accessorial liability, the trial court properly permitted proof that tended to establish that the defendant acted in concert with others in the victim's shooting (see, People v Brooks, 161 AD2d 655; People v Coker, 135 AD2d 723; People v Monahan, 114 AD2d 380). Moreover, the trial court's charge on acting in concert did not prejudice the defendant, since "[t]here is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" (People v Duncan, 46 NY2d 74, 79-80, cert denied 442 US 910; see also, People v Rogers, 177 AD2d 666, 667; People v Smith, 156 AD2d 756). Further, in the present case, it cannot be said that the defendant was denied fair notice of the charges against him, since he received notice prior to trial that the People would be introducing evidence tending to establish that he was an accomplice to the shooting of the victim and was given an opportunity to prepare his defense accordingly (see, People v Gaskin, 184 AD2d 525; cf., People v Hemingway, 179 AD2d 898).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. SIGLER, Appellant. [605 NYS2d 933] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered March 31, 1993, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Rosenblatt, Lawrence and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY J. SMITH, Appellant. [605 NYS2d 933] —Appeal by the defendant from a judgment of the County Court, Dutchess