■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WOODS, Appellant. [618 NYS2d 51] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered April 8, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact were raised or considered.

On June 17, 1991, at approximately 2:50 A.M., the defendant and his accomplice accosted their two victims on the board-walk at Coney Island. According to the complaining witness, the defendant displayed what appeared to be a handgun, and the defendant's accomplice likewise displayed what appeared to be a gun. The defendant and his accomplice then carried out the robbery of the two victims.

Shortly after the robbery, the police were notified of the crimes, and, acting on descriptions furnished by the victims, apprehended the defendant and his accomplice. One officer observed the defendant discard his weapon prior to his apprehension; this weapon proved to be inoperable. A second officer

apprehended the defendant's accomplice, after a brief pursuit. No weapon was recovered from the accomplice, and no weapon was discovered during the course of the search of the area through which the accomplice had been pursued.

On appeal, the defendant argues that the Supreme Court erred in refusing to charge robbery in the second degree as a lesser included offense with respect to the first count of the indictment, in view of the conceded inoperability of the weapon seized from him (see, Penal Law § 160.15 [4]). The People argue that the jury could properly have based their conviction of the defendant of robbery in the first degree on the proof which tended to show that the defendant's accomplice also displayed a weapon. The People argue further that, given the absence of proof as to the operability or inoperability of the accomplice's weapon, the jury would have had no basis upon which to find the defendant guilty of robbery in the second degree, but not guilty of robbery in the first degree, as charged in the first count. For the following reasons, we cannot accept the People's argument.

In a factual context similar to the one presented here, the Court of Appeals held that it was error to refuse to charge robbery in the second degree as a lesser included offense with respect to robbery in the first degree (see, People v Smith, 55 NY2d 888, revg 81 AD2d 898). In Smith, as in the present case, the evidence "provided a reasonable basis * * * for the jury to conclude that the firearm displayed by defendant 'was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged' " (People v Smith, supra, 55 NY2d, at 890, quoting Penal Law § 160.15 [4]). For this basic reason, the Court held that robbery in the second degree should have been charged as a lesser included offense.

In the present case, the People emphasize that, notwithstanding proof tending to show the inoperability of the defendant's own gun, there was no proof relating to the supposed inoperability of the weapon displayed by the defendant's accomplice. However, the same circumstance was present in Smith. As noted by the dissent in the decision and order of the Appellate Division, Second Department, in Smith (supra), "there was unrebutted evidence adduced at trial that defendant's accomplices displayed weapons during the course of the robbery" (People v Smith, 81 AD2d 898, 899, supra). However, the Appellate Division dissent argued that because the count of the indictment in Smith which charged the defendant with robbery in the first degree had been premised on Smith's own

display of a weapon, rather than his accomplices' display of their weapons, the People could not properly avoid submission of the lesser included offense on this basis. The Court of Appeals apparently adopted this position, stating that "the trial court's charge concerning accomplice liability in no sense removed the effect of the prior error occasioned by the court's refusal to charge the lesser offense" *(People v Smith,* 55 NY2d 888, 890, *supra).*

In the present case, as in *People v Smith (supra),* the court delivered a charge on accomplice liability. The court also charged the jury that, "in this case, the handgun which it is alleged that the defendant displayed is the handgun which was allegedly displayed by * * * the coperpetrator in this case". This was the theory of liability presented to the jury, even though the first count of the indictment specified that it was "the defendant [who] displayed what appeared to be a handgun".

The People argue that variance between the theory reflected in the indictment and the theory ultimately charged to the jury did not "serve to prejudice the defendant on the merits". It is true that, as a general rule, a defendant may not legitimately claim to have been prejudiced when his guilt as a principal is proved, even though he was charged as an accessory, or where his guilt as an accomplice is proved, even though he was charged as a principal *(see, e.g., People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910; *People v Perez,* 194 AD2d 455, 456; *People v Turner,* 187 AD2d 469; *People v Hobbs,* 185 AD2d 619; *People v Gaskin,* 184 AD2d 525; *People v Rogers,* 177 AD2d 666; *People v Ryan,* 164 AD2d 967; *People v Smith,* 156 AD2d 756; *People v Kimbrough,* 155 AD2d 935). This may be the general rule; however, as reflected by the holding in *People v Smith* (55 NY2d 888, *supra),* there is an exception when it appears that, by shifting from a theory based on potential liability as a principal, to a theory based on potential liability as an accomplice, the People also seek to impose criminal liability based on the display of a weapon actually different from the one charged in the indictment. In such a case, there is at least a potential for surprise or prejudice. In light of the particular facts of this case, we find that this potential for prejudice or surprise in fact materialized *(see also, People v Fata,* 184 AD2d 206; *People v Powell,* 153 AD2d 54).

For these reasons, we find that the court erred in refusing the defendant's request to charge the lesser included offense, and that a new trial is needed. In light of this disposition, we

need not address the defendant's remaining contentions. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.