■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY JACKSON, Appellant. [631 NYS2d 706] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered October 24, 1989, as amended, convicting him. of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered the judgment, as amended, is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

It cannot be said that the defendant was denied fair notice of the charges against him, since he received notice prior to trial of the fact that the People were prosecuting him on an "acting in concert" theory *(cf., People v Rivera,* 198 AD2d 529, 530, *affd* 84 NY2d 766; *People v Gaskin,* 184 AD2d 525). Moreover, the trial court's charge on acting in concert did not prejudice the defendant, since "[t]here is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(see, People v Duncan,* 46 NY2d 74, 79-80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910).

Finally, the defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions raised in his supplemental *pro se* brief and find them to be without merit. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.