■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. STARZYNSKI, Appellant. [715 NYS2d 556] —Judgment unanimously affirmed. Memorandum: Defendant contends that the stop of his vehicle by the police for aggravated unlicensed operation of a motor vehicle was a pretext to investigate an unrelated burglary. Even assuming, arguendo, that the purpose of the stop was to investigate the burglary, we nevertheless conclude that the stop was proper. The police officer had reasonable suspicion to believe that criminal activity was afoot (*see, People v Spencer,* 84 NY2d 749, 753, *cert denied* 516 US 905; *People v De Bour,* 40 NY2d 210, 223). Further, the officer's request to view the sole of defendant's shoe was not an unreasonable intrusion (*see, Terry v Ohio,* 392 US 1, 9; *People v Dunn,* 77 NY2d 19, 26, *cert denied* 501 US 1219). In any event, the record contains no evidence of police coercion or misrepresentation, and thus we conclude that defendant voluntarily consented to the officer's viewing the sole of his shoe (*see, People v Hughes,* 138 AD2d 523, 524; *People v Long,* 124 AD2d 1016, 1017). (Appeal from Judgment of Genesee County Court, Noonan, J.—Burglary, 3rd Degree.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.