■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HIGHTOWER, Appellant. [825 NYS2d 381]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered April 28, 20005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the circumstances in totality as of the time of the representation reveals that the defendant was afforded meaningful representation (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]). The defendant failed to demonstrate that there were no strategic or other legitimate explanations for his attorney's alleged shortcomings, and therefore failed to overcome the presumption that "counsel acted in a competent manner and exercised professional judgment" (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Taylor,* 1 NY3d 174, 177 [2003]; *People v Benevento,* 91 NY2d 708, 712 [1998]). Miller, J.P., Crane, Lifson and Dillon, JJ., concur.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY JACKSON, Appellant. [825 NYS2d 380]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 18, 1995 (*People v Jackson,* 219 AD2d 676 [1995]), affirming a judgment of the Supreme Court, Richmond County, as amended, rendered October 24, 1989.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Miller, Schmidt and Krausman, JJ., concur.