THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO BORRELL, Also Known as JULIO CESAR BORRELL, Appellant. [855 NYS2d 186]—

Contrary to the defendant's contention on appeal, the Supreme Court properly admitted evidence seized from his person and his vehicle at the time of his arrest (*see People v Knapp,* 52 NY2d 689, 694-695 [1981]; *People v Hughes,* 138 AD2d 523, 524 [1988]). Moreover, the Supreme Court properly found that, under the circumstances, the marital privilege did not apply to the defendant's communications with his wife (*see Matter of Vanderbilt [Rosner—Hickey],* 57 NY2d 66, 73 [1982]; *People v Patterson,* 39 NY2d 288, 304 [1976], *affd* 432 US 197 [1977]; *cf. People v Fediuk,* 66 NY2d 881 [1985]).

However, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence seized from his apartment. The police were not authorized to conduct a warrantless search of the defendant's apartment when the key provided to them by the defendant's estranged wife proved to be non-functioning (*see People v Yalti,* 76 AD2d 847 [1980]). Thus, the evidence obtained as a result of the search should have been suppressed (*id.*). Accordingly, the convictions supported by this evidence must be vacated, and the counts of indictment No. 3794/94 relating to possession of weapons recovered from the search of the defendant's apartment must be dismissed (*see* CPL 470.20 [3]; *People v Rossi,* 80 NY2d 952 [1992]; *cf. People v Perkins,* 189 AD2d 830 [1993]).

Furthermore, since the evidence of distinctive clothing recovered during the search should also have been suppressed, and the clothing provided significant support for the identification of the defendant as the masked man responsible for the robberies and burglary charged under indictment No. 3794/94, the convictions with respect to those counts must be vacated, and a new trial is required on those counts.

The Supreme Court erred when it directed that the sentence

imposed on count three of indictment No. 4841/94, run consecutively to the sentence imposed on count six. Since the convictions under those counts both arose from a single transaction, the sentences imposed on those counts must run concurrently with each other (*see People v Ramirez,* 89 NY2d 444, 451 [1996]). Nonetheless, we deem it appropriate to direct that the concurrent sentences imposed on counts three and six run consecutively to the sentences imposed on the remaining counts of that indictment (*id.* at 454).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Mastro, J.P., Rivera, Ritter and Miller, JJ., concur.