[909 NE2d 559, 881 NYS2d 637]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v JULIO BORRELL, Also Known as JULIO CESAR BORRELL, Appellant-Respondent.

Argued March 26, 2009; decided May 5, 2009

**POINTS OF COUNSEL**

*Legal Aid Society,* New York City (*Robert C. Newman, William D. Gibney* and *Steven Banks* of counsel), for appellant-respondent. I. The Appellate Division's sentence modification was barred by section 430.10 of the Criminal Procedure Law. (*People v Yannicelli,* 40 NY2d 598; *People v Adkinson,* 88 NY2d 561; *People v Richardson,* 100 NY2d 847; *People v Parks,* 95 NY2d 811; *People v Romain,* 288 AD2d 242, 98 NY2d 640; *People v Garcia,* 93 NY2d 42; *People v Carpenter,* 19 AD3d 730, 5 NY3d 804; *People v Remelt,* 269 AD2d 815, 95 NY2d 870.) II. The Appellate Division's remedial powers do not extend to sentence

modifications which would violate CPL 430.10 if they were made by a trial court. (*People v Junco,* 43 AD2d 266, 35 NY2d 419; *People v Ramirez,* 89 NY2d 444; *People v LaSalle,* 95 NY2d 827; *People v DeValle,* 94 NY2d 870; *People v Sparber,* 10 NY3d 457; *People v Richardson,* 100 NY2d 847; *People v Adkinson,* 88 NY2d 561.) III. The modification of appellant's sentences, so as to make the sentence under count six run consecutively to the remaining sentences except the sentence under count three, is contrary to the Double Jeopardy Clause of the United States Constitution. (*People v Yannicelli,* 40 NY2d 598; *North Carolina v Pearce,* 395 US 711; *People v Losicco,* 181 Misc 2d 860, 276 AD2d 565, 96 NY2d 802; *People v Laureano,* 87 NY2d 640; *Ex parte Lange,* 18 Wall [85 US] 163; *People v Williams,* 87 NY2d 1014; *United States v Earley,* 816 F2d 1428.)

*Richard A. Brown, District Attorney,* Kew Gardens (*Edward D. Saslaw* and *Gary Fidel* of counsel), for respondent-appellant. I. Since defendant received the effective assistance of appellate counsel, coram nobis was unwarranted. (*People v Bachert,* 69 NY2d 593; *Matter of Lyons v Goldstein,* 290 NY 19; *Simpson v Loehmann,* 21 NY2d 990; *People v Robles,* 203 AD2d 172, 86 NY2d 763; *People v Stultz,* 2 NY3d 277; *People v Turner,* 5 NY3d 476; *People v Benevento,* 91 NY2d 708; *People v Ford,* 86 NY2d 397; *People v Flores,* 84 NY2d 184; *Evitts v Lucey,* 469 US 387.) II. Having sought coram nobis, defendant may not appeal from the order granting his application nor may he object that the resulting resentence violated the statutory prohibition against changing a sentence after defendant has commenced serving it. (*People v Bachert,* 69 NY2d 593; *People v Marsicoveteri,* 79 NY2d 913; *People v Tramell,* 77 NY2d 893; *People v Gersewitz,* 294 NY 163; *People v Stultz,* 2 NY3d 277; *People v Stevens,* 91 NY2d 270; *People v Hernandez,* 98 NY2d 8; *People v Laing,* 79 NY2d 166; *People v Nieves,* 2 NY3d 310; *People v Bautista,* 7 NY3d 838.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

Before us, by leave of a Judge of this Court, are appeals from an Appellate Division order granting defendant's petition for a writ of error coram nobis. The petition alleges that defendant, on consolidated appeals from two judgments convicting him of robbery and related crimes, was not afforded effective assistance of counsel. Although the Appellate Division made no express finding as to the manner in which defendant's appellate representation had been deficient, it would appear that it faulted

counsel for failing to raise the issue of whether consecutive sentences had been properly imposed with respect to two counts of a 14-count Queens County indictment, both of which counts charged defendant with first degree robbery based on events which transpired in close succession during the armed robbery of a bar and its patrons on May 14, 1994. The Court's decision, however, said no more upon the issue than that the sentences on the two counts should have been concurrent since the underlying convictions arose from the same transaction (49 AD3d 890, 892-893 [2d Dept 2008]). But the dispositive question on this coram nobis application was not whether the consecutive sentences had been in error, but whether the failure of appellate counsel to raise the issue of the sentences' legality deprived defendant of the advocacy to which he was constitutionally entitled.

It is well settled that criminal defendants are entitled under both the Federal and State Constitutions to effective assistance of appellate counsel (*see People v Stultz*, 2 NY3d 277, 281-282 [2004]). In *Stultz*, we held that the "meaningful representation" standard, announced in *People v Baldi* in the context of evaluating the constitutional adequacy of trial representation (54 NY2d 137, 146-147 [1981]), applies as well to claims of ineffective assistance of appellate counsel (*see Stultz*, 2 NY3d at 284), and that appellate counsel provides meaningful representation when he or she displays "a competent grasp of the facts, the law and appellate procedure, supported by appropriate authority and argument" (*id.* at 285).

The essential inquiry in assessing the constitutional adequacy of appellate representation is, then, not whether a better result might have been achieved, but whether, viewed objectively, counsel's actions are consistent with those of a reasonably competent appellate attorney (*see People v Satterfield*, 66 NY2d 796, 799 [1985]). To be meaningful, appellate representation need not be perfect, and representation may be meaningful even where appellate lawyers have failed to brief potentially meritorious issues (*see Stultz*, 2 NY3d at 285).

We have recognized that this standard is not stringent— that it is in fact "undemanding" (*see People v Turner*, 5 NY3d 476, 482 [2005])—and, in applying it, we have often tolerated errors by counsel where the overall representation was nonetheless capable of characterization as "meaningful" (*see e.g. People v Flores*, 84 NY2d 184 [1994]). While there are rare cases in which a single substantial error is sufficiently " 'egregious

and prejudicial' as to deprive a defendant of his constitutional right" to effective representation (*Turner*, 5 NY3d at 480), this is not such a case.

In *Turner*, our determination that coram nobis relief was appropriate turned upon appellate counsel's failure to argue that trial counsel had been ineffective for failing to raise a "clear-cut and completely dispositive" statute of limitations defense (*id.* at 481). Here, by contrast, the argument not made depends upon an analysis of a complex, continuous transaction and the overlapping elements of the nine counts on which defendant was ultimately convicted. The argument is by no means so "clear-cut" that it "should have been apparent to any reasonable appellate counsel" (*id.* at 483).

Nor is the consequence of appellate counsel's failure to make the sentencing argument clear, even at this late juncture. While we have no occasion to reach the merits of the argument on this appeal, we note that it has to this point been considered by the Appellate Division twice in the coram nobis context with evidently differing outcomes (*compare* 39 AD3d 871 [2d Dept 2007], *with* 49 AD3d 890 [2d Dept 2008]), and has been advanced unsuccessfully on a CPL 440.20 motion from which, apparently, no appeal was taken. Although this peculiar and tortuous history is not dispositive of the argument's ultimate merit, it is indicative of its far from clear prospects. Counsel was not ineffective for failing to raise an issue of such uncertain efficacy on the appeal.

This is particularly the case in light of defendant's failure "to demonstrate the absence of [any] strategic or other legitimate explanations" for a decision not to brief the issue (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Appellate counsel could have made the tactical choice to forgo raising the sentencing issue to concentrate his efforts on the other issues (*see Turner*, 5 NY3d at 485). Notably, appellate counsel was assigned on the appeal to challenge not one, but two judgments of conviction against defendant, each based on a separate incident and each convicting defendant of numerous crimes. Counsel briefed six issues, among them that defendant's motion to suppress evidence seized from his apartment and vehicle had been erroneously denied, that defendant's wife should not have been permitted to testify against him, and that defendant should not have been compelled to appear for an in-court identification procedure. These points were supported with appropriate authority and were, in part, successful in obtaining relief: convictions against

defendant on seven counts were reversed upon the argued ground that certain inculpatory evidence had been unlawfully seized and should have been suppressed. Given the breadth and substantiality of the issues raised on the consolidated appeal, we cannot say that there could have been no legitimate explanation for counsel to forgo raising the sentencing issue (*cf. id.*).

While it may ultimately be determined that defendant should have been sentenced concurrently, as he now contends, and that the representation at issue would have been more efficacious had the issue been raised on the appeal, the relevant and, indeed, dispositive threshold issue on this coram nobis application is not whether defendant's representation could have been better but whether it was, on the whole, constitutionally adequate. This less exacting standard was met by counsel on the appeal.

Accordingly, on the People's appeal, the order of the Appellate Division should be reversed and the defendant's application for a writ of error coram nobis should be denied. Defendant's appeal should be dismissed as academic.

PIGOTT, J. (dissenting). I respectfully dissent. Although the Appellate Division may not have expressly stated its reason for granting defendant's application for a writ of coram nobis, the court's order reveals that, at the very least, it viewed appellate counsel as ineffective for failing to challenge the propriety of defendant's sentences. Indeed, the court explicitly held that the sentences on two counts should not have run consecutively since the underlying convictions arose from the same transaction. In my view, it cannot be said that it was error for the court to grant defendant's application on this ground, as appellate courts routinely grant coram nobis applications when appellate counsel fails to raise an issue on direct appeal that the court concludes may have merit (*see e.g. People v Griffin*, 59 AD3d 1106 [4th Dept 2009]; *People v Rivera*, 52 AD3d 1290 [4th Dept 2008]; *People v Johnson*, 43 AD3d 1453 [4th Dept 2007]; *People v Antoniou*, 52 AD3d 938 [3d Dept 2008]; *People v Smith*, 21 AD3d 599 [3d Dept 2005]). We should not discourage this practice.

While in *People v Turner* (5 NY3d 476, 480 [2005]), we held that it is a "rare" occasion where a single failing amounts to ineffective assistance of counsel, there is no basis for finding that the alleged error here is not such a case. Notably, had appellate counsel successfully raised the sentencing error, the result may have led to a reduction in defendant's incarceration

time. Additionally, a review of the record reveals that appellate counsel's performance, viewed in its totality, was less than meaningful. Appellate counsel's brief, which as noted by the majority was for two separate felony indictments and convictions (majority op at 369), was only 37 pages long. Contrary to the majority's view (majority op at 370), I don't think it can be said that appellate counsel strategically decided to forgo briefing the sentencing issue to instead brief others as there was ample opportunity for appellate counsel to raise all of the issues. Furthermore, although appellate counsel prevailed on two of the issues raised in the brief, those issues were only in respect to one of the two judgments of conviction and importantly, did not pertain to the convictions at issue on this appeal. Finally, despite the multiple convictions involved and severity of the prison term faced by defendant, appellate counsel chose to submit and not to argue before the tribunal. Collectively, these errors, in my view, could justify an appellate court granting a writ of error coram nobis as the court did here.

Although I believe the Appellate Division was correct in granting defendant's application, in my view, the court erred in the relief it then granted. The court modified defendant's sentence by correcting the alleged sentencing error but went further and modified the sentence by directing that the concurrent sentences imposed on two counts run consecutively to the sentences imposed on the remaining counts of that indictment. What is most troubling is that the Appellate Division was without authority to alter the validly imposed portion of defendant's sentence (*see People v Yannicelli*, 40 NY2d 598, 602 [1976]). The proper remedy for the matter was to assign new counsel and consider the appeal de novo (*see People v Vasquez*, 70 NY2d 1 [1987]; *People v Casiano*, 67 NY2d 906 [1986]).

Consequently, on the People's appeal, I would affirm, and on the defendant's appeal, I would reverse and remit to the Appellate Division for further proceedings in accordance with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur with Chief Judge LIPPMAN; Judge PIGOTT dissents and votes to affirm on the People's appeal and reverse and remit to the Appellate Division on the defendant's appeal in a separate opinion.

On the People's appeal, order reversed and defendant's application for a writ of error coram nobis denied.