[967 NE2d 1159, 944 NYS2d 714]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PADRAIC KEATING, Appellant.

Argued February 9, 2012; decided March 22, 2012

### APPEARANCES OF COUNSEL

*Lauren G. Klein*, Nantucket, Massachusetts, for appellant.

*Daniel M. Donovan, Jr., District Attorney*, Staten Island (*Anne Grady* and *Morrie I. Kleinbart* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant appeals, pursuant to permission granted by a Judge of this Court, from an Appellate Division order denying his application for coram nobis relief. This application seeks relief based solely on defendant's claim that he was denied effective assistance of appellate counsel.*

Defendant, who struck and killed a young mother while driving drunk, was convicted of murder in the second degree, manslaughter in the second degree, vehicular manslaughter in the first degree, vehicular manslaughter in the second degree, two counts of operating a motor vehicle while intoxicated, and two counts of leaving the scene of an accident. At his jury trial, the court permitted the admission of a videotape of defendant consenting to a blood test. During the videotape, in response to

---

* The issue raised in this application for a writ of error coram nobis had not been raised in prior applications. Defendant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York in 2003. Most recently in April 2010, the proceeding was stayed to permit defendant to exhaust this claim in state court.

being asked whether he would consent to a blood test, defendant responded "Yes . . . I will not release the police department or the doctors from responsibility of the needle breaking off in my arm, et cetera et cetera, but I will take the test." Defense counsel asked that the tape be stopped after defendant's consent, arguing that the remainder was not relevant and would be prejudicial. The court ruled that it was probative "of what his mind set was before the accident" and thus admissible.

We reject defendant's contention that he was deprived of effective assistance of counsel when his appellate counsel failed to raise, on direct appeal, the issue of the trial court's admission of the videotape, an arguably prejudicial piece of evidence (*People v Stultz*, 2 NY3d 277 [2004]). Although there are "cases in which a single failing in an otherwise competent performance is so 'egregious and prejudicial' as to deprive a defendant of his constitutional right[,] . . . [s]uch cases are rare" (*People v Turner*, 5 NY3d 476, 480 [2005]). Indeed, these cases have involved issues that are "clear-cut" and "dispositive" (*id.* at 481). Here, the issue of the admission of defendant's videotaped consent to a blood test is a matter of discretion for the trial court. Moreover, appellate counsel's error, if it was one, was not egregious and is unlikely to have been prejudicial. As defendant points out, an argument might have been made, at the time defendant's brief on direct appeal was submitted in 2000, that the admission of the videotape was error because, under then-accepted law, evidence as to defendant's remorse or the lack of it may have been irrelevant to the presence or absence of "circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2]; *see People v Roe*, 74 NY2d 20, 27 [1989] [evidence of defendant's mental state "beside the point"]; *People v De George*, 73 NY2d 614, 621 [1989] [evidence of defendant's post-event emotional condition "has little relevance"]). But the argument was by no means "clear-cut" (*see People v Gomez*, 65 NY2d 9, 12 [1985] [a "callous" remark held to be "evidence of depraved indifference"]). Indeed, we do not think the argument would have prevailed. It certainly cannot be said that its omission from defendant's appellate brief was inconsistent with the conduct of "a reasonably competent appellate attorney" (*People v Borrell*, 12 NY3d 365, 368 [2009]). The parties have cited no case in which a similar argument—that evidence of defendant's emotional state was improperly admitted to show depraved indifference—was made, successfully or unsuccessfully, on appeal. Thus, the Appellate Division correctly denied defendant's motion for coram nobis relief.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.