People v Vasquez (2020 NY Slip Op 08086)





People v Vasquez


2020 NY Slip Op 08086


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2011-11756
 (Ind. No. 3293/10)

[*1]The People of the State of New York, respondent,
v
Abraham Angel Vasquez, also known as Juan Velazquez, appellant.


Janet E. Sabel, New York, NY (David Crow and Friedman Kaplan Seiler & Adelman LLP [Eric Corngold and Anil K. Vassanji], of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.
Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), former appellate counsel.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 17, 2018 (People v Vasquez, 157 AD3d 832), affirming a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered December 1, 2011. By decision and order on motion of this Court dated December 11, 2018, the appellant was granted leave to serve and file a brief on the issue of whether there was error in connection with the handling of two jury notes under People v O'Rama (78 NY2d 270), and the application was held in abeyance in the interim. The parties have now filed their respective briefs.
ORDERED that the application is denied.
The defendant argues that he was deprived of the effective assistance of appellate counsel because his counsel failed to argue on appeal that the trial court's handling of jury notes violated People v O'Rama (78 NY2d 270).
The constitutional requirement that a defendant be provided with the effective assistance of appellate counsel is met where appellate counsel provides "meaningful representation" (People v Borrell, 12 NY3d 365, 368; see People v Stultz, 2 NY3d 277). Here, contrary to the defendant's contention, the record does not present a "'clear-cut'" violation of People v O'Rama (78 NY2d 270) in the trial court's handling of jury notes (People v Borrell, 12 NY3d at 369, quoting People v Turner, 5 NY3d 476, 481; see People v Nealon, 26 NY3d 152). Under the circumstances, the defendant received meaningful representation on appeal and appellate counsel's failure to assert an O'Rama violation did not deprive the defendant of effective assistance of counsel (see People v Borrell, 12 NY3d at 368-369).
BALKIN, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court