People v Walker (2023 NY Slip Op 04780)

People v Walker

2023 NY Slip Op 04780

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2013-05608
 (Ind. No. 4365/11)

[*1]The People of the State of New York, respondent,
v
Marell Walker, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.

DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 25, 2020 (People v Walker, 188 AD3d 1274), determining an appeal from a judgment of the Supreme Court, Kings County (Sheryl L. Parker, J.), rendered May 20, 2013. By decision and order on motion of this Court dated March 18, 2022, the appellant was granted leave to serve and file a brief on the issue of whether trial counsel was ineffective for failing to request a jury charge on the issue of intoxication, and the application was held in abeyance in the interim. The appellant has now filed a brief. Justices Barros and Dowling have been substituted for former Justices Balkin and Cohen (see 22 NYCRR 1250.1[b]).
ORDERED that the application is denied.
The issue presented in this application is whether the defendant was denied meaningful representation when his appellate counsel failed to raise the issue of whether trial counsel provided the defendant with effective assistance of counsel on his direct appeal. "The essential inquiry in assessing the constitutional adequacy of appellate representation is . . . not whether a better result might have been achieved, but whether, viewed objectively, counsel's actions are consistent with those of a reasonably competent appellate attorney" (People v Borrell, 12 NY3d 365, 368; see People v Satterfield, 66 NY2d 796, 798-799). "To be meaningful, appellate representation need not be perfect, and representation may be meaningful even where appellate lawyers have failed to brief potentially meritorious issues" (People v Borrell, 12 NY3d at 368; see People v Stultz, 2 NY3d 277, 285). Here, trial counsel's failure to request an intoxication charge was not an error because an intoxication defense was not supported by a reasonable view of the evidence (see People v Sirico, 17 NY3d 744, 745). We conclude that the defendant received meaningful representation on appeal and, accordingly, we deny the application.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court